(May 20, 1907.)

STATE, Respondent, v. J. L. BARNARD, Appellant.

[90 Pac. 1.]

APPEAL FROM JUSTICE'S COURT—NOTICE OF APPEAL—NOTICE OF INTENTION TO APPEAL—APPEALABLE ORDER OR JUDGMENT.

1. Where a defendant appeals from a judgment of conviction of a justice's court under section 8321, Revised Statutes, and files and serves a notice of appeal which gives the title of the court and cause and the date on which the judgment was entered, and states that the judgment was in favor of the state and against the de-

fendant, and that he appeals from the judgment and the whole thereof, such notice of appeal sufficiently states the "character of the judgment" as required by the statute.

2. A failure to give notice of intention to appeal as required by section 8321, Revised Statutes, is not of itself a sufficient ground for a dismissal of the appeal.

3. Where the prosecuting attorney moves to dismiss an appeal from a justice's court in a criminal case, and the only order or judgment that has been made in the case is a minute entry stating that "the motion filed herein by the county attorney to dismiss the action sustained and granted," such entry does not amount to an order or judgment from which an appeal will lie, and an appeal taken therefrom will be dismissed.

(Syllabus of the court.)

APPEAL from the District Court of the Fourth Judicial District for the County of Cassia. Hon. Lyttleton Price, Judge. *Appeal dismissed.*

Sweeley & Sweeley, for Appellant.

It is not required that the record sent up shall contain any reference to the notice of intention to appeal. The "Notice of Appeal" required to be transmitted is the written notice mentioned in section 8321. Appellant founds his right to a hearing upon section 9, article 5 of the constitution, defining the jurisdiction of the supreme court. He does not concede that section 8042 of the Revised Statutes does not give him the right of appeal. On the contrary, he insists that a broad and fair construction of that statute brings his case within its scope.

The order of the district court dismissing the appeal amounted, in effect, to a final judgment of conviction. "A final judgment is one which leaves nothing to be judicially determined between the parties in the trial court." (2 Ency. of Pl. & Pr. 53, 55, 72, 73.)

"In criminal cases the rule requiring that the judgment to be reviewed must be final is applicable, unless a statute provides otherwise, and any judgment on which a person is liable to be and is in fact imprisoned is such a final decision." (7 Ency. of Pl. & Pr. 840, 841; *Manke v. People,* 74 N. Y. 415.)

"When a certain jurisdiction has been conferred on this or any court, it is the duty of the court to exercise it; a duty of which it is not relieved by the failure of the legislature to provide a mode for its exercise." (*People v. Jordan,* 65 Cal. 644, 4 Pac. 683.)

J. J. Guheen, Attorney General, Edwin Snow and J. H. Peterson, for Respondent.

The notice of appeal must be in writing, must be filed with the justice, and served on the prosecuting attorney within ten days after the entering of the judgment, and must set forth the character of the judgment appealed from. If any of these mandatory requirements are neglected, the district court is without jurisdiction. (Spelling on New Trial and Appellate Practice, sec. 539; *Mansfield v. O'Keefe,* 133 Cal. 362, 65 Pac. 825; *Taylor v. Lapham,* 41 Or. 479, 69 Pac. 439; *State v. Butler,* 19 Wash. 110, 52 Pac. 521; *Stierlen v. Stierlen,* 8 N. Dak. 297, 78 N. W. 990.)

And if the record fails to affirmatively show that each and all of these requirements were complied with, the appeal was properly dismissed. (*People v. Lynch,* 1 Idaho, 358; *Caldwell v. Ruddy,* 1 Idaho, 760; *Anderson v. Knott,* 1 Idaho, 626; *Toole v. French,* 3 Idaho, 1, 25 Pac. 1091. See, also, long list of authorities, 3 Century Digest, sec. 2317.)

As the mode of taking appeals required by statute is mandatory, and must be strictly complied with, the notice of appeal must be framed, issued and served as the statute requires, or no legal appeal is perfected. No other method of notice is a legal substitute. Actual knowledge of the appellee that the appeal has been taken will not dispense with the statutory requirements. (2 Ency. of Pl. & Pr. 213; *Genella v. Relyea,* 32 Cal. 159; *Gates v. Walker,* 35 Cal. 289; *Hamilton v. Butler,* 33 Or. 370, 54 Pac. 200.)

AILSHIE, C. J.—The defendant was convicted of a misdemeanor in a justice's court of Cassia county, and thereafter and within the time prescribed by statute (Rev. Stats., sec. 8321), filed and served his notice of appeal, which, after

giving the title of the court and cause, is as follows: "You will please take notice that the defendant in the above-entitled action hereby appeals to the district court of the fourth judicial district in and for the county of Cassia, from the judgment therein made and entered in the said justice court on the 18th day of January, 1906, in favor of the said plaintiff and against the defendant and from the whole thereof. This appeal is taken on the question of both law and fact." He thereupon gave bond in the sum of $500 as provided by section 8324, Revised Statutes, whereupon he was released from custody and secured a stay of further proceedings. When the case was called in the district court it was set for trial, and prior to the case being called for trial the county attorney moved to dismiss the appeal upon the grounds: "1. That the defendant did not give notice of his intention to appeal either at the time of the trial or at the time of the rendition of the judgment; 2. That the notice of appeal does not set forth the character of the judgment appealed from." It appears that the justice of the peace had sent up a copy of his docket and minute entries and all the papers in the case, and that it did not appear from any of the entries that the defendant had ever given notice of his intention to appeal as provided for in section 8321, Revised Statutes. The defendant offered to show that, as a matter of fact, he did give such notice, although the minutes did not show it. The court refused to allow him to make such showing. He then moved to strike from the record and files all papers and files not required by section 8323, Revised Statutes, and that motion was granted. The court, at the same time, sustained the motion made by the county attorney to dismiss the appeal. The only order or judgment that appears to have ever been made in the district court, and the only judgment from which this appeal is taken, is found in the court minutes, and is as follows: "Certified copy of the justice's docket of Twin Falls precinct present in court ordered stricken from the files in this case by the court, and the motion filed herein by the county attorney to dismiss the action sustained and granted. Exceptions to the ruling of the court were taken by defendant's counsel, M. J. Sweeley." The defendant has appealed from

this order or judgment, as it is called, to this court. The attorney general has moved to dismiss the appeal for the reason that the record fails to show that any appealable order was ever made or entered in the lower court. This motion is well taken, and the appeal must be dismissed. The case does not appear to have been finally disposed of by any proper judgment or order of the district court and is clearly still pending in that court. There does not seem to have been any judgment entered from which the defendant could appeal. He has not been sentenced by the district court; no judgment has been entered against him; no final disposition of his case has been made, and he is still apparently at large.

In the condition of the case, however, we think it proper to observe that the attempt to dismiss the appeal was clearly improper and abortive. The defendant had taken his appeal in substantial conformity with the provisions of the statute, and he was entitled to have the case either tried or dismissed. It may be that a dismissal of his appeal would have amounted to a dismissal of the action against him under the peculiar provisions of our statute governing such appeals. (See secs. 8320-8327, inclusive.) On that, however, we are not called to express an opinion in this case. The record on appeal from the justice's court in a criminal case is not required to show that the defendant ever gave notice of his intention to appeal. That notice is evidently given for the benefit of the justice and the officer having the prisoner in charge, and after the case is transferred to the district court it is evidently not a ground for a dismissal of the appeal, even though such notice of intention had not been given. If it had been intended that notice of intention to appeal should be jurisdictional, the legislature would undoubtedly have required that fact to appear in the record sent up on appeal. As for the other ground that the notice of appeal did not set forth the "character of the judgment," we think it is without merit. The only purpose of setting forth the character of the judgment appealed from is to identify the case, and the particular judgment from which the appeal is taken. That requirement is made for the particular benefit of the county attorney and the justice in whose court the judgment was entered. Where

the notice contained the title of the court and the cause in which the judgment was entered and specifies the date on which it was entered, and that the same was in favor of the state and against the defendant, it was clearly sufficient to identify the judgment, unless it be that several judgments had been entered against the defendant on the same day. If more than one judgment had been entered against the defendant on the same date in the same court, then, of course, it would be necessary to more particularly identify the specific judgment from which the appeal was sought. The attempt to dismiss the appeal in this case in the district court was clearly error, but since no judgment has been entered in the district court, there is apparently nothing to appeal from, and this appeal must be dismissed, and it is so ordered.

Sullivan, J., concurs.