Points Decided.

(January 22, 1914.)

## In Re Application of FERDINAND SCHUSTER for a Writ of Habeas Corpus.

### [138 Pac. 135.]

BAIL BOND—UNDERTAKING TO PAY FINE—APPEAL—ADMISSION TO BAIL—
FINE—EXECUTION TO COLLECT.

1. Under the provisions of subd. 1 of sec. 8105, Rev. Codes, a defendant convicted of an offense may be admitted to bail from a judgment imposing a fine where there is attached thereto the alternative of imprisonment in case the fine is not paid, and on an appeal in such a case, the undertaking of bail must provide that the defendant will pay the fine or such part thereof as the appellate court may direct if the judgment is affirmed or modified or the appeal is dismissed.

2. That provision of the statute does not require the giving of security on appeal for the payment of a fine unless there is attached to the fine the alternative of imprisonment in case the fine is not paid.

3. Bail bonds are not required to be given to secure the payment of a fine except in cases where the alternative of imprisonment is attached to the fine in case the fine is not paid.

4. Sec. 8100, Rev. Codes, declares that admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon bail.

5. Sec. 8101, Rev. Codes, provides that the taking of bail consists of the acceptance by a competent court or magistrate of the undertaking of sufficient bail for the appearance of the defendant, according to the terms of the undertaking, or that the bail will pay to the state a specified sum.

6. Under the provisions of sec. 8006, Rev. Codes, if the judgment is for the payment of a fine or costs, or fine and costs, only, execution may issue thereon as on a judgment in a civil action.

Original application to this court for a writ of *habeas corpus*. Writ granted and the prisoner remanded to the district court for further proceedings in the matter of admitting him to bail.

W. P. Guthrie and A. M. Bowen, for Petitioner.

The conditions of subd. 1, sec. 8105, Rev. Codes, apply only to a case where the judgment is one of fine *only*. It seems to be the view of the trial court, where a judgment of imprisonment and fine is given, that the bail bond must contain the conditions of both subdivisions 1 and 2. If the word "only" were omitted from the first subdivision, the position of the trial court might be a rational one, but the court entirely ignores the word "only." (*People v. Cabannes,* 20 Cal. 525.)

"In the absence of statutory provisions to the contrary, the writ of *habeas corpus* may be used to procure the admission of a party to bail." (*Ex parte Duncan,* 53 Cal. 410.) Sec. 8357, Rev. Codes, would warrant *habeas corpus* for purely matters of the condition of the bond. (15 Am. & Eng. Ency. of Law, 189.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

Sec. 8006, Rev. Codes, makes use of the word "only" in the same sense that it is used in sec. 8105. If the position of the petitioner be sound, then it must necessarily follow that execution could not issue in those cases where a fine and imprisonment are adjudged against the defendant. This is the inevitable conclusion, for it has been established by judicial decision that a fine cannot be enforced by imprisonment where the judgment provides for an imprisonment coupled with a fine, and under the petitioner's contention, the only alternative left, viz., that of collecting the fine by execution upon the defendant's property, would also be ineffective because of the use of the word "*only*" in sec. 8006. The true construction of sec. 8006 would be that execution could not issue when imprisonment has been imposed as an alternative for the payment of a fine. In other words, when a fine is imposed, the state must choose one of two courses for its enforcement, either by execution upon the property of the defendant, or by imprisonment in lieu of payment, and the fact that a sen-

tence of imprisonment has been coupled with that of the fine, affects the rights of the state only as regards the first method above mentioned. This construction is the one placed by the California court upon the identical statutes in California in the case of *People v. Brown,* 113 Cal. 35, 45 Pac. 181.

The contention of the petitioner leads to an obvious absurdity, and we are not justified in presuming that the legislature intended any such result. If the statutes are open to any other construction, it will be preferred. (2 Sutherland, Stat. Const., 2d ed., sec. 489, p. 913.)

When the judgment has provided for a fine only and has not provided for imprisonment for its enforcement, sec. 8105, subd. 1, is applicable. The judgment not having provided for one means of enforcement, the other means may be enforced. (*Ex parte Rosenheim,* 83 Cal. 388, 23 Pac. 372; *Ex parte Wadleigh,* 82 Cal. 518, 23 Pac. 190; *In re Neustadt,* 82 Cal. 273, 23 Pac. 124; *People v. Cabannes,* 20 Cal. 525.)

SULLIVAN, J.—This is an original application to this court for a writ of *habeas corpus.* The petitioner was tried in the district court of Twin Falls county upon a charge of illegally selling intoxicating liquors within a prohibition district. The information contained two counts. The first was based upon the sale of whisky on April 15, 1913, and the second on a like sale made on April 6, 1913. Upon the trial the prisoner was convicted on both counts, and upon the first was sentenced to imprisonment in the county jail for a term of six months and to pay a fine of $500 and costs of prosecution, and upon the second, to a sentence of imprisonment of three months and a fine of $500. Thereupon an appeal was taken to the supreme court and a certificate of probable cause was issued by the trial court. The petitioner thereupon sought to be released upon giving bail, which the court fixed at the sum of $5,000, and imposed as a condition of the bail bond that in case the supreme court affirmed the judgment or dismissed the appeal, the defendant would surrender himself in execution of the sentence and also pay the fine imposed or such part thereof as the supreme court should determine. The

writ of *habeas corpus* in this proceeding is sought for the purpose of enabling the petitioner to be admitted to bail on furnishing a good and sufficient bail bond.

It is contended that the trial court erred in holding under the statutes of this state that the bail bond of the defendant should also contain a provision to the effect that the defendant should pay the fines imposed in case said judgment was affirmed on appeal. The question then is directly presented whether under the judgment in this case the trial court had the authority to require the defendant to give a bond guaranteeing the payment of said fines before he could be admitted to bail.

The question presented involves the construction of the provisions of sec. 8105, Rev. Codes. That section, omitting the part not applicable to this case, is as follows:

"If the offense is bailable, the defendant may be admitted to bail. . . . .

"After conviction, and upon an appeal:

"1. If the appeal is from a judgment imposing a fine only, on the undertaking of bail, that he will pay the same, or such part of it as the appellate court may direct, if the judgment is affirmed or modified, or the appeal is dismissed;

"2. If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment upon its being affirmed or modified, or upon the appeal being dismissed; or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof."

That statute does not contemplate the giving of security for the payment of the fine unless there is attached to the fine the alternative of imprisonment in case the fine is not paid. A bail bond is not required to be given to secure the payment of money, but is a bond given for the release of the prisoner from actual custody. Said sec. 8105 is found in chapter 1, title 10 of the Revised Codes, and the chapter is entitled "Bail," and the first section of said chapter (8100) is as follows: "Admission to bail is the order of a competent court

or magistrate that the defendant be discharged from actual custody upon bail." Sec. 8101 is as follows: "The taking of bail consists in the acceptance by a competent court or magistrate, of the undertaking of sufficient bail for the appearance of the defendant, according to the terms of the undertaking, or that the bail will pay to the State a specified sum."

Where the judgment of imprisonment is imposed and an appeal taken therefrom, a bail bond may be given under the provisions of the statute upon an order of the court, and where an alternative judgment is imposed, to wit, that the defendant pay a fine and in case such fine be not paid, he shall be imprisoned at the rate of two dollars per day until such fine be paid, the sureties in such a case on a bail bond are required to obligate themselves to pay the fine in case the judgment is affirmed.

Sec. 8006, Rev. Codes, is as follows: "If the judgment is for the payment of a fine, or costs, or fine and costs, only, execution may be issued thereon as on a judgment in a civil action." Our attention has not been called to any section of the statute which provides for the giving of an undertaking as security for the payment of the fine on an appeal in a criminal case where the judgment is for a fine only, and no alternative judgment to the effect that in case the fine be not paid the defendant be imprisoned not to exceed one day for every two dollars of the fine and costs, as provided by sec. 7994, Rev. Codes. It would appear from the provisions of sec. 8006, *supra,* that immediately upon the entry of a judgment imposing a fine only, execution might be issued for the collection thereof, regardless of whether the defendant appealed from the judgment or not.

We therefore hold that the trial court erred in requiring the defendant to include in his bail bond an undertaking obligating the sureties to pay said fine in case said judgment was affirmed, and the cause is remanded to the district court for further proceedings in the matter of a bail bond as herein indicated.

Ailshie, C. J., and Budge, District Judge, concur.