(October 21, 1914.)

## STATE, Appellant, v. L. STAFFORD, Respondent.

[143 Pac. 528.]

CRIMINAL LAW—APPEAL ON BEHALF OF STATE—MOTION TO DISMISS—
PROBATE COURT—COMPLAINT—INFORMATION—STATUTORY CON-
STRUCTION.

1. Where a defendant is tried in the probate court for selling
intoxicating liquors without a license, under the provisions of sec.
1518, chap. 33, title 8, of the Rev. Codes, and is convicted and
appeals to the district court, *held,* that the district court erred in
dismissing said action on the motion of the defendant, on the
ground that the probate court had no jurisdiction to try such case
but should have held a preliminary examination.

2. *Held,* that the misdemeanor for which the defendant was
tried and convicted in the probate court was not the crime of sell-
ing liquor in a prohibition district, since the defendant was not
charged in the complaint filed in said action with selling intoxicat-
ing liquors in a prohibition district, but was charged with selling
liquor without first procuring the license required by law.

3. Under the provisions of the first subdivision of sec. 8043, Rev.
Codes, the state is authorized to take an appeal from a judgment
for the defendant on demurrer to the indictment or information.

4. Under the provisions of sec. 8325, Rev. Codes, when an appeal
is taken from a justice's or probate court, the clerk of the district
court must file the papers received and enter the action on the
calendar in its order with other criminal cases, and such case must
be tried anew in the district court at the next term thereof, unless
for good cause the same is continued.

5. When a criminal case is appealed from a probate court, the
case stands on appeal the same as though it had been begun in the
district court. It is there for a new trial on every point in question
that could legally be raised therein.

6. Under the provisions of sec. 7509, Rev. Codes, a complaint or
information is defined as an allegation in writing made to a magis-
trate that a person has been guilty of some designated offense.

7. The complaint or information is the name of the pleading by
which a criminal action is instituted in a justice's or probate court,
and the names "complaint" and "information" are used inter-
changeably and refer to the same kind of a pleading.

8. On an appeal from the probate court to the district court in
a criminal case, the proceedings in the trial *de novo* is substantially

the same as in a case before the district court on indictment or information.

9. *Held,* under the provisions of the statute, the state has the authority to appeal in a case on appeal from the probate court in criminal cases, where the appeal is dismissed on the demurrer or motion of the defendant, on the ground that the probate court had no jurisdiction to try said case.

10. *Held,* that the misdemeanor for which the defendant was convicted in the probate court was one which the probate court had jurisdiction to try, to wit, that of selling liquor without a license, and was not a misdemeanor which required the probate court to hold a preliminary examination, and the defendant could not have been convicted of the misdemeanor of selling liquor in a prohibition district under the complaint filed in this case.

APPEAL on behalf of the state from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Defendant was convicted in the probate court of selling intoxicating liquor without a license, and on appeal the district court held that the probate court should have held a preliminary examination in said matter, and on motion of the defendant dismissed the action. Judgment *reversed.*

J. H. Peterson, Atty. Genl., J. J. Guheen, T. C. Coffin and E. G. Davis, Assts., for the State.

Sec. 8325, which has to do with appeals from the justice court to the district court in criminal matters, provides that when the appeal papers have been filed in the district court, the clerk must enter the action on his calendar in its order with other criminal cases, and that the same shall be there tried anew. The appeal having been properly effected, the case was in the same situation as one originally instituted in the district court.

"On appeal to the circuit court, the cause was triable *de novo,* and no objection could be made to any inaccuracy or imperfection in the proceedings before the county court." (*Tatum v. State,* 66 Ala. 465.)

Other states have had occasion to obtain from their supreme courts a definition of the word "information" as it

affected litigants, and to ask for a determination of the pleadings covered by the term. (*State v. Hewlett,* 124 Ala. 471, 27 So. 18.)

Upon a trial *de novo* in the district court, the complaint takes the place of an indictment or an information. The proceedings had upon it are the same in the district court as upon either an indictment or an information. (*Clepper v. State,* 4 Tex. 242; *Simpson v. State,* 111 Ala. 6, 20 So. 572.)

There is no law prohibiting the issuance of a license to sell intoxicating liquors in Latah county, and therefore any person selling liquors in Latah county without a license can be convicted and punished under the terms of sec. 1518, Rev. Codes.

There will be found in many states laws providing for the issuance of licenses to people engaged in selling liquors and providing penalties for the sale of liquor without a license. These same states also have laws making it a crime to sell liquor on Sunday, either with or without a license.

The courts, however, have been uniform in holding that a charge of selling liquor without a license, even though the sale took place on Sunday, was proper. (*State v. Cox,* 23 W. Va. 797; *State v. Bradley,* 132 N. C. 1060, 44 S. E. 122; *State v. Heibel,* 116 Mo. App. 43, 90 S. W. 758; *Shuler v. State,* 125 Ga. 778, 54 S. E. 689; *O'Brien v. State,* 91 Ala. 25, 8 So. 560; *People v. Krank,* 110 N. Y. 488, 18 N. E. 242, 23 Cyc. 187; *State v. Moeling,* 129 La. 204, 55 So. 764; *Carpenter v. State,* 120 Tenn. 586, 113 S. W. 1042.)

Cannon, Ferris & Swan and Wm. E. Lee, for Respondent.

There having been no indictment or information at any time entered against respondent, it is apparent that this court has no jurisdiction to try the appeal. (*State v. Ridenbaugh,* 5 Ida. 710, 51 Pac. 750; *United States v. Sanges,* 144 U. S. 310, 12 Sup. Ct. 609, 36 L. ed. 445; *State v. Northrup,* 13 Mont 522, 35 Pac. 228; *Territory v. Laun,* 8 Mont. 322, 20 Pac. 652.)

Under sec. 3854, Rev. Codes, the justice court has no jurisdiction in a case like the one at bar, where a misdemeanor

is alleged to have been charged for which the maximum penalty exceeds $300. (*State v. West,* 20 Ida. 387, 118 Pac. 773.)

The respondent was never indicted for any crime by a grand jury. His case did not come before the district court on information from the public prosecutor after indictment by a magistrate. He had no preliminary examination. The district court had no jurisdiction, therefore, over respondent. No information could have been filed against respondent until he had had a preliminary examination. (*State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047; *State v. Raaf,* 16 Ida. 411, 101 Pac. 747.)

SULLIVAN, C. J.—The defendant was prosecuted and convicted in the probate court of Latah county for having sold intoxicating liquors without first obtaining the license required by the provisions of chap. 33, title 8, of the Revised Codes. The charging part of the complaint is as follows: "Did then and there, wilfully, knowingly and unlawfully, sell to C. Douglas, then and there being, a quantity of intoxicating liquor, to wit, beer, without first having obtained and procured the license, and executed and filed the bond required by the State of Idaho and in violation of chap. 33, title 8, of the Revised Codes of Idaho," etc.

To that complaint the defendant demurred on the ground and for the reason that the facts stated in the complaint did not constitute a public offense. The demurrer was overruled and the defendant was convicted of said offense and fined in the sum of $250 and costs. The defendant thereupon appealed to the district court, and when the case was called for hearing, the defendant made a motion to dismiss it on the ground and for the reason that the probate court had no jurisdiction to try and determine such cause, which motion was sustained and the action dismissed and judgment of dismissal entered. The state appealed from said judgment.

(1) *In limine,* we are met with a motion by the defendant to dismiss this appeal on the ground that the probate court of Latah county did not have jurisdiction to try and deter-

mine said action.   On that motion it was contended that the crime for which the defendant was prosecuted was for selling liquor in Latah county, a prohibition district.   (The complaint contradicts this contention.)   It was contended that Latah county became a prohibition district because of the provisions of sec. 7, of an act of the legislature, approved February 19, 1913 (Sess. Laws, p. 127), which section declares that a " 'Prohibition District' within the meaning of this act and all other acts prohibiting the sale of intoxicating liquors in any prohibition district in this state, is territory in which the sale of intoxicating liquor is prohibited by law, or where no liquor license has been issued in accordance with the laws of this state."   Latah county did not become a prohibition district by a vote of the people, but the county commissioners of that county had refused to issue any liquor licenses whatever, and when this case was appealed to the district court, it seems that counsel for the defendant concluded to contend that the defendant had been prosecuted for selling liquor in a prohibition district, instead of for selling liquor without first having procured a license, as charged in the complaint on which he was tried, and the district court agreed with counsel in this contention and dismissed the case on the ground as above stated, that the probate court had no jurisdiction to try the defendant for the crime of which he was convicted.

From the foregoing statement of facts, we will now proceed to determine said motion.

The trial court, in sustaining said motion and dismissing the appeal, found "that the probate court of Latah county did not have jurisdiction to try and determine said cause, and that this court does not have jurisdiction to determine said cause except on a commitment from a committing magistrate; that the said L. Stafford has not been given a preliminary examination, and that this court does not have jurisdiction to try and determine said cause," and entered judgment dismissing the action.

It is contended by counsel for defendant that the only provisions of the statute authorizing the state to appeal are found

in sec. 8043, Rev. Codes, and that said section does not author-
ize an appeal by the state from any case appealed from a
justice's or probate court.   Subdivision 1 of that section is
as follows:

"An appeal may be taken by the state:

"1. From a judgment for the defendant on a demurrer to
the indictment or information."

And it is contended that since there has been no indictment
or information filed in this case, the state has no appeal, and
in support of that contention *State v. Ridenbaugh,* 5 Ida.
710, 51 Pac. 750, is cited.   This court held in that case as
follows: "We have no statute in this state authorizing the
state to appeal from a judgment in favor of a defendant in
a criminal action rendered in a justice's or probate court; nor
have we any statute authorizing the state to appeal in any
criminal action except the statute cited *supra.*"   (Sec. 8043.)
In that opinion the court quotes the first subdivision of sec.
8043 as found in the Rev. Stats., as follows: "1. From a judg-
ment for the defendant on a demurrer to the indictment."
That subdivision has been amended, and as found in the Rev.
Codes, reads: "1. From a judgment for the defendant on a
demurrer to the indictment or information."   The court in
the Ridenbaugh case evidently overlooked the amendment to
that subdivision of sec. 8043, or concluded that said amend-
ment had not been properly passed by the legislature under
the decision of *Cohn v. Kingsley,* 5 Ida. 416, 49 Pac. 985, 38
L. R. A. 74.   On an appeal in a criminal case from a justice's
or probate court, sec. 8325 provides that the clerk of the dis-
trict court must file the papers received and enter the action
on the calendar in its order with other criminal cases, and the
same must be tried "anew" in the district court at the next
term thereof, unless for good cause the same be continued.
Under the provisions of that section the case must be tried
anew, or *de novo.*   That means that the motions and demur-
rers decided by the justice or probate court must be heard by
the district court, provided either the state or the defendant
cares to present them, or the defendant may first demur to the
complaint in the district court.   The defendant in the probate

court filed his demurrer based on the ground that the court had no jurisdiction to try said cause. The demurrer was overruled and instead of calling up that demurrer in the district court, after his appeal had been perfected, he took another tack and moved in the district court to dismiss the case, because the probate court had no jurisdiction to try the case. That paper is in effect a demurrer to the jurisdiction of the court, and it must be viewed from the standpoint of its legal effect and not from the name that the court or the pleader may have given it. If that motion had been called a demurrer to the jurisdiction of the court, would it be contended that on sustaining such demurrer and dismissing the case the state would not have the right to appeal? It might be, but we think such contention would be without merit, and not warranted under the provisions of our statute.

A criminal case appealed from a justice's or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is there for a new trial on every point and question that was raised or might have been raised in the justice's or probate court. The name given by the statute to the paper charging the crime and filed in the justice's or probate court is "complaint," and cases involving indictable misdemeanors and felonies are prosecuted in the district court on a paper called an "indictment" or "information." The paper called a "complaint" in the justice's court serves the same purpose as the paper called an "information" in the district court, and those two words are often used synonymously and mean the same thing. An information or a complaint is a paper charging a defendant with a particular offense, and it matters not whether it is called an information or a complaint. The object and purpose in giving the state the right to appeal is the same whether the case has been first tried by a justice's or probate court on a complaint, or whether an indictable misdemeanor or felony is tried in the district court; and the appeal from the probate court or justice's court having been properly perfected and the papers filed in the district court, those statutes which provide the procedure in criminal cases in the district court

apply to such appeals as well as to those criminal cases which the district court has original jurisdiction to try and determine.

Under the provisions of sec. 7509, Rev. Codes, a complaint is defined the same as an information. That section is as follows: ''The complaint or information is the allegation in writing, made to a magistrate, that a person has been guilty of some designated offense.'' It is clear that the words ''complaint'' and ''information'' as used in the statute are used to represent the name of a pleading by which a criminal action is instituted in a justice's or probate court, or on which a criminal prosecution may be based in the district court; and if the words ''complaint'' and ''information'' are not meant to apply to the same thing, it may be said that ''complaint'' is the name given to the pleading filed by any person other than the prosecutor himself with a justice's or probate court, and that the same pleading is called ''information'' when the pleading is filed by the public prosecutor. In this case the prosecuting attorney filed the complaint. In form it is an information, such as is used in a preliminary hearing and filed in the district court by the public prosecutor. The term ''information'' as used in said section 8043 applies to the first pleading which begins a criminal prosecution in a justice's or probate court. Under the provisions of our statute, the paper containing the incriminating charge is clearly an information. Upon a trial *de novo* in the district court, the complaint or information filed in the district court takes the place of an indictment or information filed in that court, and the proceedings upon such an appeal in the district court is the same as upon either an indictment or information.

Upon the question as to the meaning of the word ''information,'' see *Clepper v. State,* 4 Tex. 242; *Tatum v. State,* 66 Ala. 465; *Simpson v. State,* 111 Ala. 6, 20 So. 572; 4 Words and Phrases, p. 3585, defines information as ''a complaint or accusation, in writing, exhibited against a person for some misdemeanor.''

It is contended that the state has no right to appeal in a criminal case unless the right is given by the statute. We

concede that, and are satisfied that the authority is given by the provisions of said sec. 8043. This conclusion is based upon the following reasons: First, that the misdemeanor tried upon appeal in the district court is subject to the same statutes relating to procedure as any other criminal case tried in that court; second, the word ''information'' as used in said section is intended to apply to the complaint filed in the justice's court originally and in the district court on appeal; third, that the word ''information'' as used in said section was intended by the legislature to be construed in its generic sense and not in its technical sense. In so far as the Ridenbaugh case is in conflict with the views expressed in this opinion, it is overruled.

In granting said motion to dismiss, the district court erred.

(2) As above stated, the complaint or information filed in the probate court charged the defendant with the crime of having sold intoxicating liquors without a license, contrary to the provisions of chap. 33, title 8, of the Rev. Codes, and he was convicted of that offense and sentenced to pay a fine of $250. The crime of selling liquor without a license, under the provisions of said chapter, is not an indictable misdemeanor, and therefore a justice's or probate court has jurisdiction to try and determine such misdemeanor. The defendant on his motion to dismiss in the district court contended that the crime charged was selling liquor in a prohibition district, which, under the statute, is an indictable misdemeanor, or a misdemeanor of which the justice's or probate court has no jurisdiction, and the trial court took that view of the case and dismissed it.

Under the provisions of sec. 7 of the Laws of 1913, *supra,* Latah county became a prohibition district by reason of the fact that no liquor license had been issued in said county in accordance with the law, and not by reason of a vote of the people, and the defendant was not charged in said complaint with selling liquor in a prohibition district, and hence subject to a penalty of $500, but was charged with the crime of selling liquor without a license contrary to sec. 1518, Rev.

Codes, which is another and distinct crime from that of selling liquor in a prohibition district.

Under the complaint filed in the probate court, a preliminary examination could not have been held, for the reason that it did not charge a crime, for the commission of which defendant could have a preliminary examination and be bound over to the district court. It charged only a crime of which the probate court had jurisdiction, and the court erred in sustaining the demurrer or motion of the defendant and in holding that the probate court had no jurisdiction to try and determine said case. The complaint or information on which the defendant was tried does not intimate in any way that the crime of which the defendant is charged is one of selling liquor in a prohibition district, but specifically charges him with the crime of selling liquor without a license. On that information he could not have been convicted of selling liquor in a prohibition district, because it did not charge him with that crime. The probate court is not required to hold a preliminary examination in cases where it has jurisdiction to try and determine, and when it tries and determines such a case and the case is appealed to the district court, it is the duty of the district court to try such case *de novo.*

The judgment of dismissal is reversed and the cause remanded.

Truitt, J., concurs.