(June 28, 1917.)

## STATE, Respondent, v. ROY H. LEEPER, Appellant.

[165 Pac. 997.]

CRIMINAL LAW—BAIL—NOTICE OF APPEAL—DEFECTS IN FORM.

    1. Failure to give a recognizance, as provided by sec. 8324, Rev. Codes, upon appeal to the district court does not defeat the jurisdiction of that court to hear the case, nor render the appeal subject to dismissal.

    2. The giving of notice of appeal in the manner provided by sec. 8321, Rev. Codes, is necessary to the jurisdiction of the district court, but the failure to have affixed thereto the signature of the appellant or his attorney is a formal, rather than a jurisdictional, defect and may be waived.

APPEAL from the District Court of the Second Judicial District, in and for Clearwater County. Hon. Edgar C. Steele, Judge.

Defendant was convicted, in the probate court, of disturbing the peace. His appeal to the district court was dismissed. *Reversed.*

Chas. L. McDonald, for Appellant,

Admission of due service of notice of appeal, is a waiver of irregular service, and, in general, any action which is equivalent to acknowledgment of notice, waives any defect in such notice. (*Wilson v. Wilson,* 6 Ida. 597, 601, 57 Pac. 708; *Cella v. Schnairs,* 42 Mo. App. 316.)

The respondent's attorneys in writing, admitted the service of a copy of a notice of appeal without objecting that it was signed by an attorney other than the attorney of record of the appellant. (*Livermore v. Webb,* 56 Cal. 489; *People v. Grigsby,* 62 Cal. 482; 2 Hayne, New Trial & Appeal, Rev. ed., secs. 208, 626; *Bigler v. Waller,* 12 Wall. (79 U. S.) 142, 20 L. ed. 260.)

"Acceptance of service is a waiver of defects in the notice." (*Kerlec v. New Orleans Land Co.,* 130 La. 111, 57 So. 647; *In re Great Southern Lbr. Co.,* 132 La. 989, 62 So. 117.)

No appearance for Respondent.

MORGAN, J.—Appellant was convicted, in the probate court of Clearwater county, of disturbing the peace. A transcript of the docket of the probate court shows that immediately upon the rendition of judgment he gave oral notice of his intention to appeal and, within ten days thereafter, filed a written notice of his appeal to the district court; also that, upon appellant's request, the bail bond theretofore given was refiled as a bond on appeal.

The notice, which appears to be regular in all other particulars, is unsigned. It bears the following indorsement: "Service of a true copy of the within notice of appeal is hereby admitted, by receipt thereof, this 10th day of March, A. D., 1915.    F. E. Smith, County Attorney."

Respondent moved, in the district court, to dismiss the appeal upon the ground that the notice thereof was not suffi-

cient to conform to the requirements of sec. 8321, Rev. Codes, and upon the further ground that no undertaking of bail, pending appeal, had been filed as provided by sec. 8324. The motion was granted and from the judgment and order of dismissal this appeal is prosecuted.

Sec. 8324 merely provides that a party appealing may, in order to be released from custody or if he desires a stay of proceedings under the judgment, enter into a recognizance for the payment of any judgment, fine and costs that may be awarded against him on appeal, and that he will faithfully prosecute the same and render himself in execution of any judgment or order entered against him in the district court.

Assuming that refiling the bail bond was not a substantial compliance with the requirements of sec. 8324, *supra,* it may be said that failure to comply therewith would only result in failure to stay the execution of the judgment of the probate court and would not defeat the jurisdiction of the district court to hear the case, nor render the appeal subject to dismissal. (*In re Schuster,* 25 Ida. 465, 138 Pac. 135.)

Sec. 8321, is as follows: "A defendant intending to appeal must give notice of his intention to do so at the time of the trial or rendition of the judgment, and must within ten days after the rendition and entry of the judgment, file with the judge or justice of the court wherein the conviction was had, and serve on the prosecuting attorney of the county, a notice of appeal, entitled in the action, setting forth the character of the judgment, and the intention of the defendant to appeal therefrom to the district court."

The giving of notice of appeal in the manner provided by the foregoing section of the code is necessary to the jurisdiction of the district court, but, it will be observed, the statute does not require the notice to be signed. Therefore, the failure to have affixed thereto the signature of the appellant or his attorney is a formal, rather than a jurisdictional, defect and may be waived. In this case the prosecuting attorney, by accepting service in the manner and form he employed, waived the defect occasioned by the notice not being signed. (*Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *People v. Schmitz,*

7 Cal. App. 330, 94 Pac. 407, 419, 15 L. R. A., N. S., 717; *Livermore v. Webb,* 56 Cal. 489; *Cella v. Schnairs,* 42 Mo. App. 316.)

The judgment and order of dismissal are reversed and the cause remanded to the district court with direction to grant appellant a trial.

Budge, C. J., and Rice, J., concur.