(June 17, 1925.)

## STATE, Respondent, v. JACK DAWN, Appellant.

[239 Pac. 279.]

CRIMINAL LAW—JURISDICTION—PROBATE AND JUSTICE COURTS—MISDE-
MEANOR—CONVICTION—APPEAL TO DISTRICT COURT—TRIAL DE NOVO
—PLEA OF GUILTY—WAIVES DEFECTS NOT JURISDICTIONAL—INFOR-
MATION—CONTENTS.

1.  A defendant who has been adjudged guilty of a misdemeanor,
and sentenced to pay a fine and suffer imprisonment, in a probate
or justice court, upon a plea of guilty, may, under the provisions
of C. S., secs. 9263 to 9268, appeal from such judgment of con-
viction to the district court.

2.  Upon such appeal, unless the plea of guilty be withdrawn,
the defendant waives any defects not jurisdictional. A plea of
guilty does not cure jurisdictional defects in an information, and
if the information fails to set forth facts sufficient to constitute
a public offense, the plea of guilty confesses nothing.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Appeal from order of the district court dismissing an
appeal from a judgment of conviction of a misdemeanor,
upon a plea of guilty, in the probate court. *Reversed.*

Clarence S. Hill and Hugh N. Caldwell, for Appellant.

A defendant may appeal from a judgment based on his
plea of guilty. (17 C. J. 33; *State v. Lewis* (Or.), 230 Pac.
543; Underhill's Crim. Evidence, 3d ed., sec. 237; *Patrick
v. State,* 17 Wyo. 260, 129 Am. St. 1109, 98 Pac. 588;
*Moore v. State,* 53 Neb. 831, 74 N. W. 319; *Ex parte De
Loche,* 50 Tex. Crim. App. 525, 100 S. W. 923; *State v.
Levy,* 119 Mo. 434, 24 S. W. 1026.)

A plea of guilty is a record admission only of what is
well charged in the complaint and does not cure the insuffi-
ciency of the complaint or the jurisdictional defects of the
court. (16 C. J. 402, 403, par. 738; *State v. Lewis, supra;*

Underhill, Crim. Evid., 3d ed., sec. 237, at p. 340; 2 Wharton's Crim. Evid., 3d ed., p. 1325, 1341; *Moore v. State, supra.*)

A. H. Conner, Attorney General, and James L. Boone, Assistant Attorney General, for Respondent.

An appeal does not lie to the district court from a judgment of conviction based on a plea of guilty. (17 C. J. 32, sec. 3295; *In re Dawson,* 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146; *Ex parte De Loche,* 50 Tex. Cr. 525, 100 S. W. 923; *State v. Thomas,* 9 Ala. App. 1, 63 So. 688; *Stokes v. State,* 122 Ark. 56, 182 S. W. 521.)

WILLIAM A. LEE, C. J.—Appellant was charged in the probate court of Canyon county with having committed a misdemeanor. To the charge, appellant entered a plea of guilty, and he was adjudged to pay a fine of $100 and serve sixty days in the county jail. He appealed to the district court from such judgment, and, upon motion by the state, the court dismissed the appeal. This appeal is from this judgment of dismissal.

C. S., sec. 9263, provides that an appeal may be taken to the district court from any judgment of conviction rendered in any criminal action in a probate or justice court. The state contends, and the learned trial court appears to have so concluded, that an appeal does not lie from a judgment of conviction in the probate or justice court to the district court, where the defendant has entered a plea of guilty in the lower court. A criminal case appealed from a justice or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is there for a new trial on every question that was raised, or that the defendant was not precluded from raising by his plea of guilty, in the justice or probate court. The proceedings in the trial *de novo* are substantially the same as in a case before the district court on indictment or information. Upon a trial *de novo* in the district court, the complaint takes the place of an indictment or information filed in that

court. (*State v. Stafford,* 26 Ida. 381, 143 Pac. 528; C. S., secs. 9263, 9268.)

"A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement. But it does not cure jurisdictional defects in an indictment; and if the latter is insufficient, from the standpoint of failing either to confer jurisdiction or to set forth facts sufficient to constitute a public offense, the plea of guilty confesses nothing. The right to a jury is waived also, and with it of course the constitutional guaranties with respect to the conduct of criminal prosecutions. While generally no evidence of guilt is required in order to proceed to judgment, for defendant has himself supplied the necessary proof, yet where the court possesses any discretion as to the extent of the punishment, it is its duty to hear evidence as to the aggravation and mitigation of the offense, and also for the purpose of determining the degree of the offense; . . . . " (16 C. J., sec. 738, pp. 403, 404.)

See, also, *State v. Lewis* (Or.), 230 Pac. 543; *Ex parte De Loche,* 50 Tex. Cr. 525, 100 S. W. 923; Underhill's Criminal Evidence, 3d ed., sec. 237, p. 340.

The state further suggests the jurisdictional question as to whether an appeal lies to the supreme court, from this order of dismissal, under C. S., sec. 9068, but such right is expressly recognized in *State v. Leeper,* 30 Ida. 534, 165 Pac. 997, and in *State v. Barnard,* 13 Ida. 439, 90 Pac. 1. In the latter case, it is indicated, although not decided, that where a defendant has taken his appeal in substantial conformity with the provisions of the statute, he is entitled to have the case either tried or dismissed, and the court says: "It may be that a dismissal of his appeal would have amounted to a dismissal of the action against him under the peculiar provisions of our statute governing such appeals. (See Rev. Stats. 1887, secs. 8320–8327, inclusive)"; the sections last mentioned being now the sections above referred to of the Compiled Statutes.

We conclude that where a judgment of conviction has been entered in the probate or justice court upon a defendant's

plea of guilty, he may appeal to the district court from such judgment, within the limitations herein indicated. The defendant may not upon such appeal, have the facts reviewed unless he has been permitted to withdraw such plea, for the reason that the plea of guilty, generally speaking, is a record admission of whatever is well charged in the complaint, and waives any defect not jurisdictional. If the information charges the commission of acts that are not made criminal by statute, or fails to state facts sufficient to constitute a crime, or where the court has no jurisdiction of the offense charged, or where the sentence imposed is unreasonable or in excess of that provided for by the statute, a legal wrong would result to the defendant, which, if it could not be corrected upon appeal, might leave the defendant remediless.

The judgment of the district court in dismissing the appeal is reversed.

Taylor, J., concurs.

WM. E. LEE, J., Concurring in Part and Dissenting in Part.—I concur in the holding that the district court erred in dismissing the appeal from the probate court. The other questions discussed and determined are not before us. There is no occasion whatever to determine the extent of the limits of a trial *de novo,* for such a trial has not as yet been had in this case. The majority say that the trial *de novo* will be limited to the issues tried out in the probate court; that "the defendant may not, . . . . have the facts reviewed unless he has been permitted to withdraw" the plea entered by him in the probate court; and that the trial *de novo* will be limited to jurisdictional questions. I most emphatically dissent from this view. This court correctly defined trial *de novo,* in *State v. Stafford,* 26 Ida. 381, 143 Pac. 528, in saying that:

"A criminal case appealed from a justice's or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is there for a new

trial on every point and question that was raised or might have been raised in the justice's or probate court.''

The Stafford case is not authority for the majority opinion. C. S., sec. 9266 provides what shall be contained in the record or transcript furnished the district court by a a justice or probate court on an appeal in a criminal case. This record consists of the complaint, the notice of appeal, any recognizance entered into by the defendant and depositions of witnesses conditionally examined. Certainly none of these papers disclose the plea entered by the defendant, nor would they necessarily show the sentence imposed. Even where the defendant enters into a recognizance, it is not to satisfy the judgment imposed by the justice or probate court, but it is ''for the payment of any judgment, fine and costs that may be awarded against him on the appeal, and that he will . . . . render himself in execution of any judgment or order rendered or entered against him in the district court.'' (C. S., sec. 9267.) The judgment of the justice or probate court is not even a part of the record transmitted to the district court, and after an appeal is taken to the district court, in so far as that court is concerned, the judgment in the justice or probate court is a matter of no consequence.

Had the record in this case been prepared in accordance with C. S., sec. 9266, or had the district court confined its examination of the transcript from the probate court to the papers the statute says shall comprise the record, the plea entered in the probate court would not have been disclosed, and, in all likelihood, the appeal would not have been dismissed. When this case comes up for trial *de novo,* in the district court, and the prosecution attempts to prevent a trial on the facts, should the defendant desire such a trial, the lawful record will not disclose the plea in the lower court. The district court would surely not be expected to go outside the record to determine what happened in the probate court. It is apparent, therefore, that the trial *de novo,* as defined and limited by the majority, will not work in actual practice.

It is the law that one convicted of a misdemeanor in a probate or justice court may appeal to the district court by serving and filing a notice of appeal with the justice or pro-bate judge, who shall immediately transmit the papers mentioned above, as required by C. S., sec. 9266, to the clerk, who "must file the papers received, and enter the action on the calendar in its order with other criminal cases, and the same must be tried anew in the district court . . . . " C. S., sec. 9268, and, as said by Chief Justice Sullivan, in the Stafford case, "as though it had been begun there." When the case gets to the district court, C. S., sec. 9266 treats it as an "action" and not as an appeal. If the defendant be convicted, the court pronounces its judgment without regard to or necessarily knowing what sentence was imposed in the first instance. The majority opinion unnecessarily and improperly limits the trial in the district court—unnecessarily, because the only question presented could have been decided without reference to what may happen in the trial *de novo* in the district court, and, improperly, because the limitations imposed by the majority opinion are contrary to the statutes and to the settled practice in the district courts.

GIVENS, J., Concurring Specially.—I concur with the holding of the opinion by William A. Lee, C. J., that an appeal lies to the district court from a justice court where a plea of guilty was entered in the justice court. That is the only question involved and the discussion of what should take place on such appeal is beyond the scope of this appeal.

Petition for rehearing denied.