(No. 6141. October 25, 1934.)

STATE, Respondent, v. MRS. ELMER STOKES, Appellant.

[37 Pac. (2d) 404.]

C. M. Jeffery and L. R. Morgan, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

WERNETTE, J.—Defendant, Mrs. Elmer Stokes, was charged in the probate court of Franklin county of the offense of possession of intoxicating liquors. On September 18, 1933, defendant entered a plea of guilty to the charge, and thereafter, September 26, 1933, was sentenced to pay a fine of $300. A stay of execution was granted until October 3, 1933, and then failing to pay the fine imposed, defendant commenced service of her sentence October 4, 1933.

On October 6, 1933, defendant filed with the probate court a notice of appeal. Three days later, October 9,

1933, defendant filed with the court a motion to withdraw her plea of guilty. It appears that neither the notice of appeal nor the motion to withdraw the plea of guilty were personally served upon the prosecuting attorney, prior to October 9, 1933. However, on October 6, 1933, copies of the notice of appeal and motion to withdraw the plea of guilty were sent by registered mail to the prosecuting attorney. As to when such copies were actually received by the prosecuting attorney, the record is in doubt. It does appear quite certain, however, that they were not received on October 6, 1933, but at a later date, and appellant does not contend otherwise.

November 29, 1933, the prosecuting attorney filed a motion to dismiss the appeal on three grounds: 1. That the appeal was not taken within the time allowed by law, for the reason that sentence was passed September 26, 1933, and the prosecuting attorney was not served with notice until October 9, 1933. 2. That no notice of appeal was given when the sentence was passed on said defendant. 3. That the plea of guilty entered by defendant had never been withdrawn.

The district court granted the motion to dismiss the appeal, and the case is now before us on appeal from the order of dismissal.

Respondent appears specially for the express purpose of dismissing this appeal, contending that the district court did not have jurisdiction except for the purpose of dismissing the appeal from the probate court to the district court, and, further, that this court is without jurisdiction except for the purpose of dismissing this appeal, advancing two propositions of law, which are decisive. First, may a notice of appeal from a judgment of conviction in the probate court be served by mail by depositing the same in a postoffice on the last day of the statutory period for appeal? Second, is an order of the district court dismissing an appeal for jurisdictional defects prior to trial subject to review in this court?

■ Any defendant who desires to appeal to the district court from a judgment of conviction in a criminal action by a probate or justice court must give notice of appeal as provided by section 19–4038, I. C. A., which reads as follows:

"A defendant intending to appeal must give notice of his intention to do so at the time of the trial or rendition of the judgment, and must within ten days after the rendition and entry of the judgment, file with the judge or justice of the court wherein the conviction was had, and serve on the prosecuting attorney of the county, a notice of appeal, entitled in the action, setting forth the character of the judgment, and the intention of the defendant to appeal therefrom to the district court."

■ This court has heretofore held, in *State v. Barnard*, 13 Ida. 439, 90 Pac. 1, that failure to give notice of intention to appeal at the time of the trial or rendition of judgment is not a ground for dismissal of the appeal by the district court. But it is necessary both to file and serve notice of appeal within the time prescribed, and the transcript of proceedings on appeal must show affirmatively both the filing and service, and if the notice of appeal has not been filed and served within the statutory time, the appeal is subject to dismissal. (*State v. Cowen*, 29 Ida. 783, 162 Pac. 674.)

The primary question then arises, it not being contended that personal service of notice of appeal was made on the prosecuting attorney within the ten-day period required by statute, section 19–4038, I. C. A., as to whether a letter, addressed to the prosecuting attorney, containing the notice of appeal, deposited in the United States post-office on the last day during which the notice of appeal could be served on the prosecuting attorney, is sufficient service. It is the contention of appellant that the service was sufficient and complete at the time when the letter with the notice was deposited in the postoffice, relying upon sections 12–501, 12–502 and 12–503, I. C. A. (Code of Civil Procedure), and citing the case of *People's Sav-*

*ings etc. Co. v. Rayl*, 45 Ida. 776, 265 Pac. 703, which is a civil case, in support of her contentions.

The question then arises, do sections 12–501, 12–502, and 12–503, I. C. A., apply to criminal cases? Said sections were adopted substantially from the California Practice Act (Stats. Cal. 1851, p. 133), sections 520, 521 and 522 of their then Code of Civil Procedure. In 1881, our territorial legislature enacted an entire Code of Civil Procedure, in which said three sections of the statute find first expression in this state, being sections 685, 686 and 687 of the 1881 Session Laws. Ever since, said provisions of the law, with slight amendment, have remained a part of our Code of Civil Procedure, dealing exclusively with civil cases. In 1881, when said three sections were enacted, there was in force and effect in this state what is commonly known as the Criminal Practice Act of 1875, outlining the procedure to be followed in the prosecution and appeal of criminal cases. Sections 465 to and including section 489 of said Criminal Practice Act provide specifically the procedure to be followed on appeal in criminal cases, and ever since said time the procedure on appeal in criminal cases has been separate and distinct from the procedure in civil cases. It is apparent that it was the express intention of the lawmakers that the provisions of the one should not be applicable to the other, unless expressly made so by statute. That being true, it naturally follows that sections 12–501, 12–502 and 12–503, I. C. A., of our Code of Civil Procedure are not applicable to appeals in criminal actions.

Nowhere in the statutes providing the procedure to be followed on appeals in criminal actions from justice or probate courts to the district court is there any provision for services of notice of appeal by mailing, or publication, commonly known as substituted service. It is the law that "unless statutes expressly allow substituted service of notice of appeal by mailing, publication, or otherwise, an appellee can only be brought into an appellate tribunal by personal service, and in all cases not within the statute of substituted service, personal service must be made." (*Town of Casey*

*v. Hogge,* 204 Iowa, 3, 214 N. W. 729; 2 Ency. Pl. & Pr. 221.)

And it seems to be well settled that a statute requiring that notice be "served," without further specific directions, implies written notice served personally on the party designated. (*Town v. Hogge, supra; Clinton v. Elder,* 40 Wyo. 350, 277 Pac. 968, 280 Pac. 889; *Ex parte Terrell,* (Tex. Crim. App.) 95 S. W. 536; 57 C. J. 281.)

The right to appeal is statutory, unknown to the common law. (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Reberger v. Johanson,* 38 Ida. 618, 619, 223 Pac. 1079; *Smith v. Peterson,* 31 Ida. 34, 36, 169 Pac. 290; *Rhodenbaugh v. Stingel,* 31 Ida. 594, 174 Pac. 604.) And this court has held that the right of appeal can be exercised only in the method and manner provided by statute. (*State v. Ricks,* 34 Ida. 122, 201 Pac. 827.)

We realize and appreciate that under such a state of the law a grave injustice may be done to a defendant who has just legal grounds for an appeal, if a prosecuting attorney absents himself, either intentionally or otherwise, so that personal service cannot be made upon him. The enactment of laws to forestall such a possibility is purely legislative, and not within the province of this court. We must administer the law as we find it.

In view of what has been said, we conclude that the service of notice of appeal, as attempted in this case, was insufficient and did not comply with section 19-4038, I. C. A. Consequently, the appeal to the district court was not perfected, and the district court did not err in dismissing the appeal.

Respondent further contends that this appeal should be dismissed for the reason that the order made by the district court dismissing the appeal from the probate court is not appealable under section 19-2703, I. C. A.

A similar order was under consideration in *State v. Barnard,* 13 Ida. 439, 90 Pac. 1, where upon motion to dismiss the appeal by the attorney general, the court said: "The Attorney General has moved to dismiss the appeal for

the reason that the record fails to show that any appealable order was ever made or entered in the lower court. This motion is well taken, and the appeal must be dismissed. . . . . There does not seem to have been any judgment entered from which the defendant could appeal." Later in the opinion, the court further says: "The attempt to dismiss the appeal in this case in the district court was clearly error, but since no judgment had been entered in the district court there is apparently nothing to appeal from, and this appeal must be dismissed, and it is so ordered."

In *State v. Leeper*, 30 Ida. 534, 165 Pac. 997, the appellant was convicted of a misdemeanor in the probate court and appealed to the district court. Respondent moved in the district court to dismiss the appeal for failure to give the proper notice on appeal, and that no undertaking on appeal pending appeal had been filed as required by statute. The motion to dismiss the appeal was granted and from the order of dismissal an appeal was prosecuted to this court. This court went into the merits of the question as to whether the appeal from the probate court to the district court was properly dismissed by the district court, but no motion was made in the supreme court to dismiss the appeal on the ground that the order of dismissal in the district court was not an appealable order, nor was the question in any manner mentioned or considered by the supreme court, nor does it appear by the record that the question was called to the attention of this court.

In *State v. Dawn*, 41 Ida. 199, 239 Pac. 279, a similar order was under consideration by this court, and it was there said: "The state further suggests the jurisdictional question as to whether an appeal lies to the supreme court from this order of dismissal, under C. S. 9068, but such right is expressly recognized in *State v. Leeper*, 30 Ida. 534, 165 Pac. 997, and in *State v. Barnard*, 13 Ida. 439, 90 Pac. 1." Thus it clearly appears that the basis on which said statement is premised is *State v. Leeper, supra*, where the question as to whether such an order was appealable was not passed on by the court, or called in ques-

tion, and *State v. Barnard, supra,* where the court held *contra.*

█ If this question was before this court for the first time, we would be impelled to hold that such an order of the district court is not an appealable order under section 19–2703, I. C. A. However, the question involved relates merely to procedure and the latest expression of this court, *State v. Dawn, supra,* clearly indicates that an appeal will lie from such an order to this court, and we believe that the appellant should have the benefit of such holding, even though erroneous. Otherwise, such decision would be but a snare or trap precluding the appellant from having his day in court. For that reason, the motion to dismiss the appeal in this court will be denied.

█ █ In order to avoid uncertainty or ambiguity in the future with reference to such appeals, it is not amiss to state that if a defendant has been convicted in a justice or probate court and he appeals to the district court in substantial conformity with the provisions of the statute, he is entitled to have the case either tried or dismissed on the merits in the district court. If the state moves in the district court to dismiss the appeal for failure to perfect the same according to the statute and such motion is granted, the order granting the motion is not appealable, as no appeal is provided for from such an order in section 19–2703, I. C. A., but the defendant is not without a remedy. He may apply for a writ of review, as provided in section 13–202, I. C. A., which reads as follows:

"A writ of review may be granted by any court except a probate or justice court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

Under this statute, a writ of review would lie to determine the sufficiency of the appeal from the justice or probate court to the district court, for if the appeal, as a matter of fact, has been properly perfected, the district

court has no jurisdiction, except to try the case *de novo,* or dismiss the same on its merits, and a dismissal of the appeal in such case would be an act in excess of its jurisdiction.

The order of the district court is affirmed, on the ground that the appeal from the probate to the district court was not properly perfected.

Givens and Holden, JJ., concur.

Petition for rehearing denied.

BUDGE, C. J., and MORGAN, J., Concurring.—We concur in that portion of the opinion wherein it is held that the service of notice of appeal was insufficient and ineffectual in that the service thereof was not in compliance with section 19-4038, I. C. A., and that the district court did not err in dismissing said appeal.