(No. 6458.   October 25, 1937.)

STATE, Respondent, v. GUST PARIS, Appellant.

[72 Pac. (2d) 865.]

C. M. Jeffery, for Appellant.

J. W. Taylor, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

HOLDEN, J.—Appellant was convicted in justice court of the offense of practicing barbering without a Certificate of Registration as a registered barber.   Thereafter, he appealed to the district court for Bannock county, and was again convicted.   Following his conviction in the district court, he filed in the office of the clerk a notice of appeal from the

judgment of conviction, and caused a copy of the same to be personally served upon the prosecuting attorney of Bannock county, but did not personally serve a copy upon the attorney general. Respondent moves to dismiss the appeal upon the ground that the notice of appeal filed with the clerk of the district court was not personally served upon the attorney general.

In opposition to respondent's motion to dismiss, it is shown by the affidavit of counsel for appellant that: "On the 29th day of March, notice of appeal was duly served upon Milton E. Zener, as Prosecuting Attorney of Bannock County, Idaho, and upon the same date a copy of the notice of appeal, together with an acknowledgment of service was placed in the United States mail addressed to the Hon. J. W. Taylor, Attorney General of the State of Idaho, and enclosed therewith an acknowledgment of service together with a letter directing and requesting the Attorney General to sign the acknowledgment of service and file the same with the Clerk of the Supreme Court; that the practice has been in this district for the past seventeen years, to affiant's knowledge, to mail a copy of the notice of appeal to the attorney general and attorneys in this district heretofore have not been required to personally serve notice of appeal upon the attorney general's office."

It is contended by respondent that on an appeal from a conviction in a criminal case copies of the notice of appeal must be served upon the attorney general and the prosecuting attorney, and that a failure to so serve the notice of appeal is fatal to the appeal. That both the attorney general and the prosecuting attorney must be served is not questioned by appellant, but he insists that service may be made upon the attorney general by mail.

The right to appeal is statutory, unknown to the common law (*State v. Stokes,* 55 Ida. 51, 37 Pac. (2d) 404), and the right can be exercised only by the method and in the manner provided by statute. (*State v. Ricks,* 34 Ida. 122, 201 Pac. 827, cited and approved in *State v. Stokes, supra.*)

On an appeal by a defendant, in a criminal case, from a district court to this court, from a judgment of conviction,

our Code of Criminal Procedure makes no provision for service of notice of appeal by mailing, but it does provide by section 19–2707, I.. C. A., that:

"If personal service of the notice can not be made, the judge of the court in which the action was tried, upon proof thereof, may make an order for the publication of the notice in some newspaper for a period not exceeding thirty days; such publication is equivalent to personal service."

We conclude, therefore, that on an appeal from a judgment of conviction entered in the district court a defendant must serve his notice of appeal either personally upon the attorney general and the prosecuting attorney, or by publication in the manner and as provided by section 19–2707, *supra,* if personal service cannot be made.

It follows that the motion to dismiss must be granted, and it is so ordered.

Morgan, C. J., and Budge, J., concur.

Givens, J., concurs in the conclusion reached.

Ailshie, J., dissents.