Appellant's purported marriage having been duly adjudicated as void ab initio, and such fact having been duly proven in the proceeding before the Board, it necessarily follows that appellant is entitled to continued payments by respondents of workmen's compensation death benefits in accordance with I.C. § 72–303, such payments to be resumed as of May 12, 1959, the date respondents terminated payments.

Appellant is entitled to resumption of payments as of May 12, 1959, the date respondents terminated payments by reason of appellant's purported marriage. See Eureka Block Coal Co. v. Wells, supra; Renzo v. Reid Ice Cream Corp., supra; First National Bank v. North Dakota Work. Comp. B., supra; Gulf States Steel Co. v. Witherspoon, supra; Shamblin v. State Compensation Com'r, supra; Pearsall v. Folsom, D.C.Cal., 138 F.Supp. 939; Mays v. Folsom, D.C.Idaho, 143 F.Supp. 784.

The order of the Industrial Accident Board denying to appellant reinstatement of workmen's compensation death benefits is reversed and the cause remanded with directions to order reinstatement of payment by respondents of such benefits to appellant as of May 12, 1959.

Costs to appellant.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.

361 P.2d 787

STATE of Idaho, Plaintiff-Respondent,

v.

Charles C. ANDERSON, Defendant-Appellant.

No. 8889.

Supreme Court of Idaho.

May 5, 1961.

Charles Anderson, New Plymouth, appellant, pro se.

Frank Benson, Atty. Gen., Warren Felton, Asst. Atty. Gen., Dwaine Welch, Pros. Atty., Payette County, Payette, for respondent.

McQUADE, Justice.

Defendant Charles C. Anderson was convicted in the police court of the City of New Plymouth of permitting his dog to run at large in violation of a city ordinance. He alleges there were numerous irregularities committed in the police court proceedings.

Defendant appealed to the district court, orally notifying the police judge. The district court is alleged to have dismissed the appeal on the ground it was not filed within the statutory time. The trial judge signed a minute entry to that effect, but there is no order of dismissal in the record.

While defendant was represented by counsel in police court, he acts as his own attorney on this appeal.

Defendant's brief does not set out formal specifications of error.

. The right of appeal is purely statutory, and can be exercised only in the method and manner provided by statute. State v. Ricks, 34 Idaho 122, 201 P. 827; State v. Stokes, 55 Idaho 51, 37 P.2d 404; State v. Paris, 58 Idaho 315, 72 P.2d 865.

Defendant's oral notice of appeal from the police court to the district court does not meet the requirements of I.C. § 19–3938:

"A defendant intending to appeal must give notice of his intention to do so within ten days after the rendition and entry of the judgment, by filing notice thereof with the judge or justice of the court wherein the conviction was had, and serving on the prosecuting attorney of the county, or his associate or deputy, a copy thereof, entitled in the action, setting forth the character of the judgment, and the intention of the defendant to appeal therefrom to the district court. * * *"

I.C. § 19–2803 sets out the judgments and orders from which the defendant in a criminal proceeding may appeal to this Court:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction.

"2. From an order denying a motion for a new trial.

"3. From any order made after judgment, affecting the substantial rights of the party. * * *"

This enumeration does not include an appeal from a district court dismissal of an appeal from a lower court, and hence defendant's appeal cannot be considered here. State v. Stokes, supra.

There is no order of dismissal by the district court for this Court to consider either by way of appeal or writ of review.

The appeal is dismissed. The defendant may pursue his remedy as if by way of writ of review in the district court, where the record there may be supplemented and reviewed.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.