[No. 11437. In Bank. — December 7, 1886.]

## H. H. GROSS, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

JUSTICE'S COURT — APPEAL TO SUPERIOR COURT — CHANGE OF PLACE OF TRIAL. — Under section 5 of article 6 of the constitution, an appeal from a Justice's Court to the Superior Court of the county in which the action was brought cannot be transferred to another county for trial, notwithstanding the defendant is a resident of the latter county.

APPLICATION for a writ of review. The facts are stated in the opinion of the court.

*F. M. Husted*, for Petitioner.

The provisions of section 980 of the Code of Civil Procedure, purporting to authorize a change of the place of trial of an appeal from a Justice's Court, are unconstitutional. (Const., art. 6, sec. 5; *Ex parte Bollman*, 4 Cranch, 93; *S. C. Water Co.* v. *Vallejo*, 48 Cal. 72.)

*Ernest H. Wakeman*, for Respondents.

The order changing the place of trial was properly granted, and was not in excess of the jurisdiction of the

Superior Court.   (Code Civ. Proc., secs. 980, 395; *Houghton's Appeal*, 42 Cal. 35.)

SHARPSTEIN, J. — Petitioner commenced an action in the Justice's Court of San Francisco, against John S. Cleland, a resident of Siskiyou County, upon a cause of action for goods sold to Cleland by petitioner at San Francisco.

The defendant answered and went to trial.   Judgment was rendered against him, and he appealed to the Superior Court of San Francisco.

After the papers were filed in the Superior Court, on the appeal, the defendant moved for a change of place of trial on the sole ground that he was a resident of the county of Siskiyou, which motion was granted.

This proceeding is *certiorari,* to review the order granting the motion.

The constitution provides that Superior Courts " shall have appellate jurisdiction in such cases, arising in Justice's and other inferior courts in their respective counties as may be prescribed by law."   (Art. 6, sec. 9.)

As this case did not arise in a Justice's or other inferior court in Siskiyou County, it is quite clear that the constitution confers no jurisdiction of it on the Superior Court of that county, and that the appellate jurisdiction is exclusively in the Superior Court of San Francisco, where the case was commenced and tried in a Justice's Court.   It therefore follows that the order changing the place of trial must be annulled.

Order annulled.

McKINSTRY, J., MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.