[No. 11597.    In Bank.—January 18, 1887.]

## JUAN M. LUCO ET AL., PETITIONERS, *v.* SUPERIOR COURT OF TUOLUMNE COUNTY, RESPONDENT.

JUSTICE'S COURT—MOTION TO DISMISS—WANT OF JURISDICTION—WAIVER OF OBJECTION.—Where the defendants in an action in a Justice's Court, which is personal in its nature, move for a dismissal on the ground that the court has no jurisdiction to try the cause, their subsequent withdrawal of the motion and consent to a trial on the merits is a waiver of the objection to the want of jurisdiction.

ID.—APPEAL—CHANGE OF PLACE OF TRIAL—CONSTITUTIONAL LAW.—An appeal from a Justice's Court to the Superior Court of the county in which the action was brought cannot be transferred for trial to the Superior Court of any other county. Section 980 of the Code of Civil Procedure purporting to authorize such a transfer is in conflict with article 6, section 9, of the constitution.

APPLICATION for a writ of mandate. The facts are stated in the opinion.

*H. P. Irving*, for Petitioners.

*F. W. Street*, for Respondent.

FOOTE, C.—From the certified copy of the transcript, brought here in response to the requirements of the alternative writ of mandate issued from this court to the Superior Court of Tuolumne County, it appears that on the ninth day of February, 1885, one Isaac T. Holland commenced an action in a Justice's Court of Tuolumne

county against Juan M. Luco, I. N. Thorne, and S. F.
Ambler, all of said defendants being non-residents of
said county; that on the sixth day of March following
defendants Thorne and Luco (Ambler not having been
served with process) filed in the Justice's Court affidavits,
and a motion to dismiss the action on the ground of a
want of jurisdiction in the court to try the cause, also
separate answers to the complaint; that on the twenty-first
day of December, 1885, the case was tried in said Justice's
Court, but before the trial commenced Thorne and Luco,
by consent, withdrew the motion to dismiss the action.
Judgment was then rendered against them, and from
that they appealed to the Superior Court of Tuolumne
County, on questions both of law and fact.

After the filing of the papers on appeal in said Su-
perior Court, the defendants Thorne and Luco moved,
upon affidavits, for a change of the place of trial of the
cause to the Superior Court of the city and county of San
Francisco, upon the ground that their residence then,
and at the time of the commencement of the action, was
at the latter place.

The court overruled their motion. And it is to com-
pel its action to transfer the case for trial as demanded
by their motion that the present proceedings were in-
stituted.

The fact that the defendants voluntarily by consent
withdrew their motion to dismiss the case, and went to
trial on the merits in the Justice's Court, was a waiver of
the question of jurisdiction raised on the motion, under
section 848, Code of Civil Procedure, the action being in
its nature personal.

The action undoubtedly arose in the Justice's Court
of Tuolumne County, and therefore no other Superior
Court save of that county had appellate jurisdiction to
hear and determine it; and as the Superior Court of the
city and county of San Francisco was without jurisdic-
tion so to do, it was proper for the court below to have

refused, as it did, to transfar the cause as requested by the defendants.

This construction of the provisions of section 980, Code of Civil Procedure, relative to a change of place of trial, and of article 6, section 9, of our state constitution, as bearing upon the constitutionality of that former section as applicable to cases like the one under consideration, is sustained in the case of *Gross* v. *Superior Court, ante,* p. 382.

For these reasons, the writ of mandate should be denied and the petition therefor dismissed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the application for a writ of mandate is denied and petition dismissed.