(December 30, 1916.)

STATE, Plaintiff, v. FREDERICK J. COWEN, District Judge of the Sixth Judicial District of Idaho, Defendant.

[162 Pac. 674.]

SERVICE—NOTICE OF APPEAL—PROBATE AND JUSTICE'S COURTS—SUFFICIENCY—APPLICATION—CHANGE OF VENUE—JURISDICTION—DISTRICT COURTS.

1. The notice of appeal in a criminal case, prosecuted in a probate or justice's court, must be filed with the judge or justice of the court wherein a conviction was had and service thereof made on the prosecuting attorney of the county; and the transcript of the proceedings had in said court should affirmatively show both the filing and the service thereof.

2. *Held,* under the facts in this case, that the service of the notice of appeal was adequately made.

3. Secs. 7655, 7768, and 7775, Rev. Codes, providing that criminal actions prosecuted by indictment (or information) may be

removed for trial to an adjoining county, upon application for a change of venue by the defendant or the state, upon the ground that a fair and impartial trial cannot be had in the county where the offense is alleged to have been committed, do not apply to misdemeanor cases properly brought in probate or justice's courts and appealed to the district court for trial *de novo.*

[As to application for change of venue on ground of bias of judge as ousting judge of jurisdiction, see note in Ann. Cas. 1916D, 1281.]

Original application by Solon B. Clark and W. W. Adamson for writ of prohibition to the District Court of the Sixth Judicial District in and for Bingham County, and Frederick J. Cowen, as Judge thereof. Demurrer to alternative writ overruled and motion to quash denied. Writ ordered issued.

J. H. Peterson, Atty. Genl., Solon B. Clark, Pros. Atty., C. V. Hill and W. W. Adamson, for Plaintiff.

The right of appeal is purely statutory, and the record on appeal must affirmatively show a strict compliance with the statute or the court has no jurisdiction to try the case or do anything except to dismiss the appeal on motion. Sec. 8321 is mandatory in requiring two things to be done, namely, the notice of appeal must be (1) filed; (2) served on the prosecuting attorney of the county. (*People v. Lynch,* 1 Ida. 358; *Tootle v. French,* 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095; *People v. Swearinger,* 4 Cal. Unrep. 964, 38 Pac. 972; *People v. Bell,* 70 Cal. 33, 11 Pac. 327; 2 Cyc. 1025, 1028.)

Lack of such record showing cannot be cured by affidavit filed in appellate court. (*Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095; *Adams v. McPherson,* 4 Ida. 5, 35 Pac. 690; *Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042.)

A justice of the peace can only grant a change to another justice, or to the probate court, within the county. (Sec. 4642, Rev. Codes.)

Jurisdiction of district judge on appeal is identical with that of justice of the peace. (24 Cyc. 641; *Shealor v. Superior Court,* 70 Cal. 564, 11 Pac. 653.)

Jurisdiction of district judges to grant change of venue to another county is limited to such criminal actions as may be prosecuted by indictment or information. (Sec. 7768, Rev. Codes.)

There is no constitutional right to trial by indictment in misdemeanor cases nor to change of venue. (*Turner v. State,* 114 Ga. 421, 40 S. E. 308; *Green v. State,* 119 Ga. 120, 45 S. E. 990; *State ex rel. Cottrell v. Wofford,* 119 Mo. 408, 24 S. W. 1009; *State v. Headrick,* 149 Mo. 396, 51 S. W. 99.)


Clark & Brodhead, for Defendant.

The fact of service, rather than the evidence thereof, gives the court jurisdiction to entertain the appeal, and such evidence may be shown in other modes than by being incorporated in the transcript. (*Sutter County v. Tisdale,* 128 Cal. 180, 60 Pac. 757; *Heinlen v. Heilbron,* 94 Cal. 636, 30 Pac. 8; *Knowlton v. MacKenzie,* 110 Cal. 183, 190, 42 Pac. 580; *Williams v. Superior Court of Lassen County,* 5 Cal. Unrep. 598, 47 Pac. 783.)

"Where a district court assumes jurisdiction by filing the complaint and issuing the warrant in misdemeanor cases, it is the duty of such court to proceed with the trial of the case and a writ of mandate will issue from this court requiring such district court to so proceed." (*Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44.)


BUDGE, J.—This is an original proceeding to obtain a writ of prohibition to restrain the Honorable Frederick J. Cowen, district judge of the sixth judicial district, from proceeding with the trial of the case of the *State of Idaho v. W. H. Brashear,* now pending in the district court for Bingham county. This court issued an alternative writ of prohibition and the defendants have demurred to the plaintiff's petition and have moved to quash the writ. The grounds alleged in the demurrer to the petition and in the motion to quash the writ are practically identical, and are to the effect that the petition does not state facts sufficient to entitle the

plaintiff to the relief prayed for, or any relief, and that the facts stated therein are not sufficient to constitute a cause of action. There is no merit in the demurrer to the petition nor in the grounds assigned by the defendant in his motion to quash the writ; the demurrer will therefore be overruled and the motion to quash the writ denied.

The history of this case, briefly stated, is as follows: The defendant Brashear was charged with a misdemeanor in the justice's court of Challis Precinct, Custer county, where a trial was had which resulted in his conviction, whereupon judgment was entered against him, from which an appeal was taken to the district court.

When the cause came on for trial the state, being represented by the prosecuting attorney, made a motion to dismiss the appeal for the reason that no notice of appeal was ever served upon him, as required by law. This motion was denied, whereupon the defendant filed and served his application for a change of venue, in which he alleged that on account of the bias and prejudice existing against him in Custer county, he could not have a fair and impartial trial in that county, and in support of his application he filed the affidavits of two citizens, residents of said county. In opposition to his application the prosecuting attorney filed the affidavits of forty-two citizens, residents of said county, wherein they and each of them stated that there existed no bias or prejudice against the defendant in Custer county that would prevent him from having a fair and impartial trial. The court, however, granted the application and transferred the case to Bingham county for trial. By reason of the action of the court in granting the motion for a change of venue the state instituted this proceeding. An examination of the record discloses the fact that the undertaking and notice of appeal were duly filed with the justice of the peace of Challis Precinct, but the transcript of the proceedings had in that court and filed in the district court fails to affirmatively show the service of the notice of appeal upon the prosecuting attorney. Counsel for the defendant Brashear, for the purpose of establishing the proof of service of the

notice of appeal, filed an affidavit in which he states: "That he did, on the 16th day of May, 1916, serve upon Solon B. Clark, prosecuting attorney in and for Custer County, State of Idaho, at Challis, Idaho, a full, true and correct copy of the notice of appeal. . . . . " The prosecuting attorney filed a counter-affidavit, in which he says: "That to the best of his recollection he does not remember of Chase A. Clark or any other parties serving a notice of appeal in the above-entitled cause on him on the 16th day of May, 1916, or at any other time, at Challis, Idaho, or at any other place, and that he is unable to find any copy of such notice of appeal in the files of his office."

It is elementary that it is necessary both to file and serve the notice of appeal within the time prescribed by sec. 8321, Rev. Codes. It was the duty of counsel for the defendant to have made service of the notice of appeal in such a manner that the transcript of the justice's proceedings filed in the district court would have disclosed affirmatively that the notice of appeal had been properly served. But in this case the service of the notice of appeal is not positively denied, and we have reached the conclusion that the proof of service is sufficient and that the district court acquired jurisdiction.

We come now to the next proposition, which involves the validity of the order of the trial court transferring the cause for trial from Custer to Bingham county. It will be remembered that the defendant Brashear is charged with a misdemeanor only. Section 7768, Rev. Codes, provides: "A criminal action prosecuted by indictment (or information, Rev. Codes, sec. 7655) may be removed from the court in which it is pending, on the application of the defendant, on the ground that a fair and impartial trial cannot be had in the county where the indictment (or information) is pending." The defendant in the action under consideration was not prosecuted by indictment (or information), and, therefore, comes within the foregoing statutory provision and amendments thereto, which limits the jurisdiction of district courts to the transfer of criminal actions for trial to such as are prosecuted by indictment (or information). We do not think that

the constitution or statutes of this state confer jurisdiction upon district courts to transfer for trial to an adjoining county, misdemeanor cases properly brought in probate or justice's courts and appealed to the district court for trial *de novo,* upon application of the defendant or of the state. This construction of sec. 7768, Rev. Codes, is borne out by an examination of sec. 7775, Rev. Codes, which provides for the removal of criminal cases for trial, on the application of the state, in criminal cases other than misdemeanors.

The object sought to be obtained by the enactment of the foregoing statutory provision evidently is to avoid the enormous expense incident to the transfer for trial of cases, within the jurisdiction of inferior courts, generally from one county to another.

Under a provision of the constitution of California, similar to sec. 20, art. 5, of the constitution of this state, the supreme court of California held, in the cases of *Gross v. Superior Court,* 71 Cal. 382, 12 Pac. 264, *Luco v. Superior Court,* 71 Cal. 555, 12 Pac. 677, that, "A superior court to which an action has been appealed from justice's court in the same county, where it was properly commenced, has no jurisdiction to make an order changing the place of trial to the superior court of another county." The appellate jurisdiction of district courts in this state extends to all cases arising in probate or justice's courts; and to all other matters and cases wherein an appeal is allowed by law. Terms of the district court are held in each county of the state at least twice a year, to which an appeal may be taken from the judgment of the probate or justice's courts, and in all other matters and cases wherein an appeal is allowed by law. When an action is properly commenced in an inferior court within a county and an appeal is prosecuted from a judgment entered thereon to the district court of that county, that court is clothed with appellate jurisdiction, and is required, under the law, to proceed without unnecessary delay to the trial of that cause in the county wherein the action properly arose, and is without jurisdiction to make an order changing the place of trial to another county.

From what has been said it follows that the order made by the district court granting a change of venue to the defendant upon the ground of bias and prejudice and transferring the case for trial from Custer to Bingham county was without jurisdiction and void. A permanent writ of prohibition will accordingly issue, and it is so ordered.

Sullivan, C. J., and Morgan, J., concur.