## MALLI v. WILLETT.

1. **Contract**: CONSTRUCTION OF: BREACH OF. A contract, set out in full, construed and held not to convey a vested interest in the premises therein described; and that the foreclosure of the mortgage therein referred to, could not be an adjudication of the rights of the grantee under the contract, nor preclude her from bringing an action for a breach of the contract.

2. ———: CONSIDERATION: COMPROMISE OF FELONY. A contract will not be declared void and the cause be reversed, on the ground that the only consideration therefor was the compromise of a felony, where it does not clearly appear from the evidence whether the consideration for the contract was a forbearance to prosecute criminally, or in a civil action for damages.

3. ———: PARTIES TO ACTION. Under the terms of the contract, the action for a breach thereof was properly brought in the name of plaintiff alone, without joining her husband.

4. ———: FOR LIFE ESTATE: BREACH OF: MEASURE OF DAMAGES. For the breach of a contract to convey a life estate in certain premises, the plaintiff is entitled to recover the present worth of such life estate, reckoned on a basis of six per cent, and no more. To multiply the annual rental value of the premises by the expectancy of life, was an improper method of computation.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, MARCH 24.

THIS is an application for the allowance of a claim against the estate of Franz Mally, deceased. The claim is based upon an alleged contract in writing, by which the decedent bound himself to give the plaintiff a lease for life, or a life estate, in certain land, and a lease for ten years upon certain other land. Upon a trial in the Circuit Court the claim was allowed to the extent of $2,000, and the administrator appeals.

*Willett & Willett*, for appellant.

*Brown & Wellington*, for appellee.

ROTHROCK, J.—I. The contract upon which the claim is based is as follows: "This agreement entered into this 22d day of October, 1870, by and between Franz Mally, of Clayton county, State of Iowa, of the first part, and John Malli, of Winneshiek county, and State of Iowa, of the second part. Witnesseth: That, whereas, the said Franz Mally, for a valuable, good and sufficient consideration received (the receipt whereof is hereby acknowledge), do hereby promise and agree with said John Malli, that I will grant a life lease to Christina Malli, the wife of John Malli, on the following described land, to-wit: The south half of the northeast quarter, section 14, township 97, range 9, embracing the house which stands in part on the north half of said quarter section, to use said house with the south half of the land as her own, during her and her husband's natural life, but after the death of Chriatina Malli and John Malli all right of ownership to said land shall go back to the

children of Franz Mally. I do further agree to give a time lease for ten (10) years on the north half of the northeast quarter of section fourteen (14), township 97, range 9, all in Winneshiek county, Iowa.

" Provided, however, that said Christina Malli and her husband shall deliver in the granary at the farm, after the expenses of necessary repairs on buildings and fences have been deducted from the amount so raised from said last named land, for each year during the ten years, one-third of the balance so left, and Franz Mally is to pay all taxes assessed against said farm, except on personal property, which Christina Malli shall pay.

"It is further agreed, that should Christina Malli at any time be willing to give up this contract, I will give her a good warranty deed on eighty (80) acres of land, near Le Mars, in Plymouth county, Iowa, where there is at least four hundred dollars worth of improvements made on it, and all the live stock and farming tools.

" This contract shall take effect from the day the above named land is sold under a foreclosure of mortgage, wherein A. Bradish claims a judgment against John Malli, and for the purpose not to make any more costs to secure the right of redemption for John Malli, I, Franz Mally, will buy the land in at sheriff's sale, and John Malli waiving all rights and interest in the farm. And this new contract under this lease be from that date in full force and virtue, except in case that Christina Malli will except the above agreement left to her option."

(Signed)          FRANZ MALLY,
                  JOHN MALLI."

It appears from certain agreed facts in the case that at the time the written contract was executed, John Malli, the husband of Christina Malli, the plaintiff herein, was the owner and in possession of the premises described in the contract, and that he had executed to Franz Mally a mortgage thereon

to secure $5,000 purchase-money for the land. This mortgage was signed by John and Christina Malli, and it is the same mortgage which is mentioned in the written contract. Franz Mally had commenced an action to foreclose this mortgage against John and Christina Malli and A. Bradish et al., and afterwards the same action was dismissed. In 1871 Franz Mally assigned said mortgage without consideration, and after maturity, to his four sons, Frederick, William, Paul and John Mally. The assignment provided that the assignees should secure to Christina Malli a lease for ten years on S$\frac{1}{2}$, N E $\frac{1}{4}$, section 14, T. 97, R. 9, on the terms that Christina Malli should pay to the assignees one-third of the crops raised on said land during the lease. The assignment made no provision for the life estate, or lease for life, upon the other eighty acres of land. The assignees afterward commenced an action to foreclose the mortgage. John and Christina Malli appeared in the action and alleged fraud in the execution of the mortgage and payment and satisfaction of the mortgage debt. The court adjudged that the plaintiffs in the action were entitled to judgment and a decree of foreclosure, whereupon the defendants asked until the next day to file an amendment, setting up the written contract with Franz Mally. This was refused. The decree of foreclosure was entered and afterwards the land was sold on special execution, the assignees of the mortgage purchasing the same by a trustee, who afterwards conveyed to them. An action was commenced by the assginees for possession of the land under a claim of absolute ownership. John and Christina Malli appeared to this action and pleaded the contract and assignment hereinbefore referred to, and claimed to be entitled to the possession of the premises. The plaintiffs to the action pleaded the decree of foreclosure as an adjudication, and the court rendered a judgment in favor of the plaintiffs. From this judgment John and Christina Malli appealed to this court, where the judgment was affirmed. See 52 Iowa, 654.

In making the allowance of $2,000 to the plaintiff herein the court allowed nothing for the eighty acres on which it was agreed to give the ten years lease and which appears to have been provided for in the assignment made by the decedent to his sons. The allowance was made only on the eighty acres on which the life lease was to be given.

It is insisted by counsel for the defendant that the contract conveyed to Christina Malli a vested interest in the premises, and that because she failed to assert her interest

1. CONTRACT: construction of: breach of. in the suit for foreclosure, her right to the land has been adjudicated and lost to her. This we think is a mistaken view of the contract. It was not a lease, but an agreement upon the part of Franz Mally, that he would become the purchaser of the land at the sheriff's sale and thus secure to plaintiff a life estate in the land. Until he became such purchaser he had no interest in the land other than that of mortgagee. Instead of becoming the purchaser he dismissed the suit for foreclosure and assigned the mortgage to his sons without, in any manner, reserving or saving the rights of Christina Malli to the life estate. It is true, perhaps, that no right of action accrued to her upon the assignment of the mortgage, because there had been no breach of the contract until the failure of Franz Mally to become the purchaser at the sale. She had no right to set up her agreement for a life lease against the assignees of the mortgage, for the very good reason that her contract was still subsisting, and it was within the power of Franz Mally to perform it by becoming the purchaser at the sale on foreclosure of the mortgage. It is very clear to us that the foreclosure of the mortgage could not be an adjudication of her rights under the contract.

II. It is next contended that the plaintiff repudiated her rights under the contract by setting up the defenses of fraud, and payment, and satisfaction of the mortgage. This position does not appear to us to be tenable. Franz Mally had dismissed the foreclosure proceeding under which it was contempla-

ted he was to become the purchaser. He had assigned the mortgage to his sons. Now, while it was still within his power to perform his contract by a purchase of the land, he was in no way prejudiced, misled, or injured by the defense set up to the foreclosure. If such defense had been successful, of course the contract could not have been performed. But having failed to establish the defense, we can see no reason why she cannot resort to her action for a breach of the contract, when the breach occurred, which was at the time Franz Mally put it out of his power to perform, by failing to become the purchaser at the foreclosure sale.

III. It is next claimed that the agreement is void because its only consideration was a compromise of a felony. The only evidence upon this question was that of a witness who testified as follows: "Ques. Do you know what was the consideration of this contract? Ans. Yes. Ques. State it? Ans. There was a difficulty among the family. John Malli wanted to get his brother prosecuted for some offense. Ques. State what the offense was? Ans. For adultery with John's wife; and this contract was executed so as not to have any fuss with him about it—to settle up that matter."

2. ———: consideration: compromise of felony.

If we were to concede that John or Christina Malli could, under the law, have prosecuted Franz Mally criminally, for adultery with Christina, and that a contract made in consideration of their forbearance to prosecute would be void, yet we would not reverse a cause without clearer evidence that it was the criminal charge which was compromised, than that given above. Whether John Malli desired to prosecute his brother, criminally, for the offense, or merely to prosecute him in a civil action for damages, does not clearly appear from the evidence. In common parlance the word prosecution is frequently applied to civil actions for torts.

IV. It is further claimed that this action should have been

Malli v. Willett.

brought in the name of John Malli, or in his name and that of the plaintiff jointly. The ready answer to this is that Franz Mally contracted to make the lease to the plaintiff, and not to her and her husband jointly. It is also claimed that there is neither allegation nor proof that plaintiff did not elect to to take the Plymouth county land in satisfaction of the contract. The fact that she claims damages for failure to make the lease, and the further fact that there is no showing in the record that she gave up the contract and took the Plymouth county land, are sufficient to meet this objection.

*3. ——: parties to action.*

V. It is said that the amount of the allowance is excessive. The only evidence as to the value of the life interest in the eighty acres is that the annual rental value thereof is $1.50 per acre, and that plaintiff's expectancy of life is sixteen and two-third years. The court evidently found the value of the life interest by multiplying the annual rental value by the expectancy of life. This is plainly an improper method of adjusting the rights of the parties. Two thousand dollars approximates the full value of an ordinary eighty acre tract of land. The plaintiff is entitled to the present worth of a life estate, and no more. This, upon the basis of interest at six per cent, would be $1,223.46. If the plaintiff will remit the excess of that amount within thirty days from filing this opinion, the judgment will be affirmed. If no such remission be made the cause will be

*4. ——: for life estate: breach of: damages.*

REVERSED.