HORACE A. GREENWOOD, V. SARAH A. CRAIG.

[FILED OCTOBER 23, 1889.]

Bill of Exceptions.  The decision of the district court was made
March 9, 1889, the motion for a new trial being overruled on
the same day.  Court adjourned *sine die* on the 16th day of the
same month without granting an extension of. time within
which to prepare and serve a bill of exceptions.   On the 18th
day of April, and more than fifteen days after the final adjourn-
ment of court, the bill of exceptions was served upon defend-
ant in error, who refused to acknowledge service on account of
the expiration of time.   On the 22d day of May plaintiff in
error notified defendant in error to appear forthwith before the
judge of the district court before whom the case was tried and
show cause against the allowance of the bill.   On that day the
judge refused " to correct the record " so as to make it appear
that the additional time was granted, but signed the bill, giving
as a reason therefor that the attorney for plaintiff in error was
laboring under the wrong impression that an extension had been
granted.   It was *held*, that the judge had no authority to sign
the bill, and upon the motion of plaintiff in error the exceptions
were quashed.

MOTION to quash bill of exceptions.

*T. D. Cobbey,* for the motion.

*Pemberton & Bush, A. D. McCandless,* and *Winter &
Kaufman, contra.*

REESE, CH. J.

This case is submitted upon a motion to quash the bill
of exceptions.   The motion is based upon the following
grounds.

"First— Said bill of exceptions was not presented to
adverse counsel within fifteen days from the rising of
court, as by statute provided (no extension having been
granted).

"Second—The said bill was not presented to the judge for his signature for more than sixty days after the rising of the court, court having adjourned *sine die* March 16, 1889, and said bill was not presented to the district judge until May 22, when he signed and allowed the same over the protest of this defendant."

It appears from the record that the cause was tried in the district court and decided March 9, 1889, when a motion for a new trial was filed and overruled. Court adjourned *sine die* March 16, and no extension of time was granted in which to prepare the bill of exceptions.

On the 18th day of April the bill of exceptions was served upon the attorney for defendant in error; but an acknowledgment of the service was refused and the bill of exceptions returned, the reason assigned for the refusal being that the statutory time in which to serve the same had expired, and that no extension had been granted by the court. On the 22d day of May the attorneys for plaintiff in error notified the defendant in error to appear before the Honorable J. H. Broady, the judge of the district court, before whom the case was tried, forthwith, to show cause, if any, why the bill of exceptions should not be allowed in the case, and why the records should not be amended to show that forty days were allowed in which to present the bill of exceptions.

We are unable to find in the case any motion to have the record corrected, so as to show the facts suggested in the notice. But in the certificate of the judge the following appears: "The motion to correct entry overruled." In addition to the words above quoted, the certificate is as follows:

"It appears from McCandless' affidavit that he was under the wrong impression that he had forty days from rising of court to prepare this bill; and that he was under such wrong impression until the expiration of the fifteen days allowed by law. The time is extended forty days addi-

tional to the time heretofore limited to reduce exceptions to writing.

"The above bill contains all the evidence and is hereby allowed and made part of the record.    Plaintiff excepts.

"May 22, 1889.                    J. H. BROADY, *Judge*."

Attached to the bill of exceptions is an affidavit made by Mr. McCandless, the attorney for plaintiff in error, but it not having been made a part of the bill of exceptions it cannot be here considered.    (*Tessier v. Crowley*, 16 Neb., 369.) However, had it been so preserved, it could not have been considered, for the reason that, as decided in *Greenwood v. Cobbey*, 24 Neb., 648, this court will not go back of the action of the judge of the district court and investigate as to the grounds upon which an extension was granted.

The question here presented is as to the authority of the judge of the district court to make the extension at the time at which the order was made, the reason therefor being as stated in the certificate of the judge.

By sec. 311 of the Civil Code it is provided that the party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the adjournment of the court *sine die*, and submit the same to the adverse party or his attorney of record for examination and amendment if desired.   The court not having extended the time during its session from fifteen to forty days, it then became necessary for plaintiff in error to prepare the bill within the time fixed by statute, to-wit, fifteen days from the final adjournment of the court.    This he did not do.    It is claimed by him in his brief that by the affidavit which he filed with the judge it is made to appear that he asked the extension of time; that the same was granted in open court, but that the presiding judge failed to cause it to be entered upon the record.    Had this been so understood by the judge, and had the order granting the extension been made in open court, the record might have been so amended

as to show that fact.   But after the submission of the affidavit to the judge he refused to order a correction of the record.   Whether this refusal was based upon the supposition that the court only had jurisdiction to make the correction, or whether the judge was not satisfied from the evidence that the order had been orally announced in court, it is not necessary here to inquire; it is sufficient to say that the record does not show the extension of time, the judge preferring to sign the bill and make it a part of the record upon the grounds that the attorney for plaintiff in error was laboring under a wrong impression as to his rights.   This under the statute is not a sufficient reason for granting the extension.   As we have seen, court adjourned March 16th; the fifteen days allowed by law for serving the bill of exceptions expired March 31st; the bill was presented to counsel for defendant in error on the 18th day of April, when he refused to acknowledge service; it was allowed by the judge on the 22d day of May, which was thirty-four days after its return and sixty-seven days after the adjournment of court *sine die.*   It must also be remembered that the extension was made after the bill had been served upon the attorney of plaintiff in error and on the date of its allowance, and that it was never served upon him after the extension of time was granted.   Had the extension been lawful, it would then have been necessary to serve the bill of exceptions upon the attorney for plaintiff in error in order that he might make suggestions of amendment if necessary.   But no such service was made.   As has been frequently said, the whole matter of the extension of time for the settling of bills of exceptions is regulated by statute, and in order to procure the settling of a bill of exceptions parties desiring such settlement must bring themselves within the law upon that subject. As said in *Bank v. Bartlett*, 8 Neb., 319, the design of the law was to allow a fixed period for the presentation of bills of exceptions.   And when the law is not complied with,

the signing of the bill will not legalize it if not signed according to the provisions of the statute. The motion to quash the bill is therefore sustained.

MOTION SUSTAINED.

THE other Judges concur.