SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD V. ELIZABETH E. KREIG, ADMINISTRATRIX.

FILED APRIL 21, 1898. No. 9934.

1. **Bill of Exceptions: TIME FOR ALLOWANCE.** Assuming, but not deciding, that the absence from the county of both trial judge and clerk during the period within which a proposed bill of exceptions should have been presented for settlement excused a failure to have it settled within that time, still the statutory time began to run, under that assumption, from the time of the judge's return, and he was not authorized to allow the bill when it was not presented for more than ten days after his return.

2. ——: ——. The fact that the defendant in error held the pro-

posed bill longer than the law permitted did not excuse a subsequent default by the plaintiff in error.

3. ———: MOTION TO QUASH: WAIVER. The defendant in error did not waive his right to move to quash the bill by appearing before the trial judge merely to object to its allowance, nor by failing to file the motion until after the time had expired within which the plaintiff in error was required to file his briefs to the merits, such briefs not having been filed.

MOTION to quash bill of exceptions. *Motion sustained.*

*Burr & Burr*, for the motion.

*Kelley & Browne* and *A. R. Talbot, contra.*

PER CURIAM.

In this case there has been submitted a motion to quash the bill of exceptions. The ground of the motion is that the proposed bill was not submitted to the judge for allowance within the ten days allowed by statute for that purpose after it had been returned to plaintiff in error by defendant in error. Objection was made to the trial judge on the same ground. He allowed the bill, as is proper in doubtful cases, making, however, special findings of the facts relating to. the question presented. From these findings it appears that the term of court at which the case was tried was adjourned *sine die* April 5, 1897. The full period of eighty days. from the time of such adjournment seems to have been allowed for presenting the proposed bill to the defendant in error. Within that time and June 21 it was so presented. Defendant in error retained the bill until July 7, returning it then and suggesting certain amendments. The trial judge left the county and state July 8, returned July 27, remaining until July 31, when he again left and was absent until August 13, when he returned. The bill was not presented to him for settlement until August 31, when the defendant in error objected to its allowance at that time, and also objected to the judge's then considering the amendments which had been proposed.

Section 311 of the Code of Civil Procedure, after providing that the party excepting shall within a time designated present the proposed bill to the adverse party for examination, and that the adverse party shall return it within ten days after such submission, provides further that "the bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case upon five days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions." It is asserted that the defendant in error is estopped to set up that the bill was presented out of time, because counsel for defendant in error held the bill sixteen days instead of ten, and that plaintiff in error was thereby prevented from giving notice of settlement and presenting it within the statutory time before the judge left the district. What effect the neglect of defendant in error in this respect would have if the fact stood alone we need not determine. It would not excuse subsequent negligence on the part of the plaintiff in error. Defendant in error contends that there was such subsequent negligence in failing to present the bill, with an affidavit of the judge's absence, to the clerk of the court for allowance as the statute authorizes. To this it is answered that the clerk of the court was also absent. His deputy was here and a question discussed relates to the power of the deputy to act for his principal in such a case. We do not pass upon that question, and state the facts merely in order to meet the thought which would naturally occur to the practitioner in regard to the clerk's power, and to avoid any apparent adjudication thereon by silence. It appears that the judge returned to the county August 13, and if the plaintiff in error was excused by his previous absence from presenting the bill before that time it cannot be claimed that it was entitled to more time after the judge's return than it would have had if the judge had been present from the beginning. In other words, assuming, but not deciding, that the absence

of the judge under the facts of the case prevented the plaintiff in error from obtaining a settlement of the bill during his absence, the statutory time certainly began to run from the time of his return, and the bill should have been presented within ten days thereafter. It was not presented until the eighteenth day. It is true that after the judge found the specific facts he added that the bill was presented at the earliest opportunity for presenting the same in person to the judge who tried the case. This is not, however, a finding of any fact justifying a further delay. No such fact is shown to exist.

It is contended that the defendant in error cannot now be heard to urge this motion because it was not filed before the time had expired for filing briefs by plaintiff in error. It has been held that a motion to quash on such a ground as this must be interposed before briefs to the merits have been filed. (*Nash v. Costello*, 50 Neb. 325.) But here the plaintiff in error has not filed briefs. Its failure to do so within the time fixed by rule is its own laches, and not that of defendant in error. If it had itself complied with the rule, it would be in position to invoke the doctrine of the case cited. It is further said that defendant in error has waived the objection by suggesting amendments and by appearing when the judge allowed the bill; but when the amendments were suggested there had been no default. A suggestion of amendments made before the right to a bill has been lost does not operate prospectively to waive future and unanticipated defaults. The appearance of defendant in error was solely to insist on the objection to the allowance, and one does not ordinarily waive a right by insisting on it.

MOTION SUSTAINED.