STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, PLAINTIFF, v. AK-SAR-BEN EXPOSITION COMPANY, DEFENDANT.

AK-SAR-BEN EXPOSITION COMPANY, APPELLEE, v. C. A. SORENSEN, ATTORNEY GENERAL, ET AL., APPELLANTS.

FILED MAY 22, 1931. NOS. 27083, 27172.

C. A. Sorensen, Attorney General, E. B. Perry and Irvin Stalmaster, for plaintiff and appellants.

Mullen & Morrissey, Herman Aye and Gaines, McGilton, Van Orsdel & Gaines, contra.

Heard before ROSE, DEAN, GOOD, EBERLY and PAINE, JJ., and HORTH, District Judge.

PER CURIAM.

Case No. 27083 is an action originally brought in this court, seeking to enjoin the respondent in that action from operating a lottery and gambling scheme and device. A restraining order was issued. Motion to vacate the same was overruled, and a temporary injunction allowed. See *State v. Ak-Sar-Ben Exposition Co.*, 118 Neb. 851.

Case No. 27172 originated in the district court for Douglas county and is an action to enjoin the county attorney of Douglas county and the attorney general of Nebraska from instituting criminal prosecutions to suppress gambling in connection with horse racing conducted by the Ak-Sar-Ben Exposition Company. There was a default decree entered for plaintiff, as prayed, which the trial court later refused to vacate. On appeal to this court this judgment was reversed, and the cause retained and consolidated with Case No. 27083. See *Ak-Sar-Ben Exposition Co. v. Sorensen*, 119 Neb. 358. Later a demurrer to the petition in Case No. 27083 was overruled, and thereafter the respondent answered, raising an issue of fact. Honorable W. T. Thompson was appointed referee to take evidence, make and report findings of fact and conclusions

of law, which duties he has performed. The causes are now before us on motion to confirm his report, which contains the following findings and conclusions:

"Findings of Facts.

"From the testimony given, which is attached to and made a part of this report and marked Exhibit 'A', it is found that all the material issues raised by the pleadings should be and are resolved in favor of the plaintiff and against the defendant, and that the *pari-mutuel* system of raising money at and from its race meets was sanctioned and carried on by the defendant, through its officers, managers, agents and servants, with the apparent approval of the state racing commission from and after the year 1921 down to the year 1929, and that defendant, by and through its officers, managers, agents and servants, was threatening and intending to continue the operation of said *pari-mutuel* system in connection with its race meets at the time of the commencement of this action, and would have continued to operate the same unless enjoined by this court from so doing.

"Conclusions of Law.

"I. That the attorney general, upon his own initiative as the principal law officer of the state of Nebraska, and the head of the department of justice of the state, had and has full right and lawful authority to bring and prosecute this action in the name of the state of Nebraska, without authorization of the governor or other state officer.

"Article II, chapter 53, Comp. St. 1922; *State v. Pacific Express Co.*, 80 Neb. 823; *Stockton v. Central R. Co.*, 50 N. J. Eq. 52; *Attorney General v. Delaware & B. B. R. Co.*, 12 C. E. Green (N. J.) 631; Pomeroy, Equity Jurisprudence (3d ed.) sec. 1093; *Attorney General v. Jamaica Pond Aqueduct Corporation*, 133 Mass. 361; *Attorney General v. Chicago & N. W. R. Co.*, 35 Wis. 425; *State v. Ak-Sar-Ben Exposition Co.*, 118 Neb. 851.

"II. It is urged by defendant that the petition does not state facts sufficient to state a cause of action because it

seeks to restrain the commission of a crime. The petition of the plaintiff states a good and sufficient cause of action against the defendant, entitling plaintiff to the injunctive relief prayed for, when proved. *State v. Ak-Sar-Ben Exposition* Co., 118 Neb. 851; *In re Debs,* 158 U. S. 564, 584, wherein it is held and said, *inter alia:* 'Every government, entrusted, by the very terms of its being, with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other, and it is no sufficient answer to its appeal to one of those courts that it has no pecuniary interest in the matter. *The obligations which it is under to promote the interest of all, and to prevent the wrong-doing of one resulting in injury to the general welfare, is of itself sufficient to give it a standing in court.'* This principle was sanctioned and approved by this court in *State v. Pacific Express Co.,* 80 Neb. 823. By the overruling of the demurrer to the petition in the instant case, one of the grounds of which was that the petition did not state facts sufficient to constitute a cause of action, and in the denial of the motion to vacate the temporary restraining order issued therein, this court has, in effect, ruled that the petition of plaintiff states a cause of action entitling it to injunctive relief. *State v. Ak-Sar-Ben Exposition Co.,* 118 Neb. 851. By such ruling and opinion by Judge Rose in the case at bar, it appears that the majority opinion of the court in *State v. Maltby,* 108 Neb. 578, upon which counsel for defendant base their contention that the petition does not state a cause of action, has been either overruled, or the principle announced therein is inapplicable to the facts in the present case.

"In one respect, moreover, the ruling in the *Maltby* case is consistent with the claimed right of the state to injunctive relief in this case, wherein it held: 'A court of equity may, at the instance of properly constituted authority, issue an injunction in the case of a public nui-

sance, when its issuance will give more complete relief than can be afforded in a court of law.' As above found, plaintiff has alleged and proved that defendant has established and maintained a gaming device which rises to the rank of a public nuisance. Many public nuisances and the maintenance thereof are punishable as misdemeanors. Nevertheless, the books are full of instances where courts of equity have abated by injunction such nuisances, because the relief was more adequate and complete than that afforded in prosecutions under penal statutes. *In re Debs, supra,* it was said: ' "The jurisdiction of the court of chancery with regard to public nuisances is founded on irreparable damage to individuals, or the great public injury which is likely to ensue." * * * Indeed, it may be affirmed that in no well-considered case has the power of the court of equity to interfere by injunction in cases of public nuisance been denied, *the only denial ever being that of necessity for the exercise of that jurisdiction under the circumstances of the particular case.'*

"There are many public nuisances besides those named in the statute. This court has recognized the right of courts of equity to abate those named in the statute, even though the maintenance thereof constituted the bases for criminal prosecutions. *Donovan v. Union P. R. Co.,* 104 Neb. 364, was a suit in equity to abate a public nuisance which consisted in fencing up and otherwise obstructing a public highway, acts declared by section 8845, Rev. St. 1913, to be penal in character. Nevertheless, the nuisance was abated therein. This was done, manifestly, because equity afforded a more adequate remedy than actions at law would afford in the nature of penal prosecutions. Equity has recognized that penal prosecutions for the maintenance of public nuisances are not necessary precedent conditions for invoking the equity powers of the court in such cases. In *Chicago, B. & Q. R. Co. v. Davis,* 111 Neb. 737, this court held, *in hæc verba,* that 'an injunction may issue * * * even though the effect be to restrain the commission of a crime.'

"III. The *pari-mutuel* system pleaded and proved by the plaintiff as having been set up and maintained by the defendant in connection with its racing meets was and is inhibited by the Constitution (section 24, art. III) and the statutes of the state (sections 13, 9819, 9821, Comp. St. 1922) and constituted a public nuisance.

"IV. That neither in the issuance, nor in the keeping in force and effect, of the restraining order issued by this court, June 10, 1929, has this court violated the comity existing between it and the district court (courts of concurrent jurisdiction in this class of cases), nor has this court thereby deprived defendant of any of its rights either under the Constitution of this state, or under the Fourteenth Amendment to the Constitution of the United States.

"V. Finally, it is concluded that the temporary injunction granted by this court, June 17, 1929, should be made perpetual."

From an examination of the record, we are satisfied that each finding of fact is supported by the evidence and each conclusion of law is sound. The report is, in all respects, approved and confirmed.

The referee is hereby allowed the sum of $500 for his services, to be taxed as part of the costs.

The temporary injunction heretofore issued by this court in Case No. 27083 is hereby made perpetual, and, since the conclusions reached disclose that plaintiff in Case No. 27172 was not entitled to any relief sought therein, that action is hereby dismissed.

JUDGMENT ACCORDINGLY.