FRED PICARD, SR., APPELLANT, V. FRANK STEINACHER, SHERIFF, APPELLEE.

283 N. W. 849

FILED FEBRUARY 10, 1939. No. 30411.

*J. J. McCarthy* and *E. J. McCarthy,* for appellant.

*John C. Gewacke* and *Robert B. Waring, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This was a replevin action, brought to recover liquors taken by the defendant, the sheriff of Fillmore county, under a search warrant. Trial was had to a jury. After each party had rested, the defendant moved for a directed verdict in his favor. Motion was sustained, and jury directed to return a verdict finding that the right of possession at the time the replevin action was begun was in the defendant sheriff, and fixing the value of the property taken. Judgment entered on said verdict. Motion for a new trial overruled. Plaintiff appeals.

The transcript in this case sets out a copy of all the instruments filed, but fails to set out the time of filing of any of such instruments in the office of the clerk of the district court. The petition in replevin was verified October 29, 1937, and sets out that the property was taken by virtue of a search warrant issued by the county judge, but alleged that the complaint had been dismissed, and that there was nothing on file in any court whereunder the sheriff was holding said property, and alleged that the sheriff was holding said property wrongfully and unlawfully; that plaintiff had made demand therefor of the sheriff, who refused to return the same. Plaintiff prayed for judgment for the return of the property, or a judgment for its value in the sum of $550, and for his damages in the sum of $150.

The affidavit in replevin, attached to the petition, set out on four pages an itemized description of the property taken, which consisted of over 800 pint and half-pint bottles, some 47 quart bottles, and 35 "fifths" bottles of American and foreign brands of rum, gin, wine, whisky, and alcohol.

It appears that on September 12, 1937, the county attorney filed a complaint in the county court of Fillmore

county for a search warrant against the plaintiff under section 53-378, Comp. St. Supp. 1935, charging that he had just and reasonable grounds to believe that alcoholic liquor is unlawfully possessed, used, disposed of, and kept for sale in said drug-store, and on the same day the sheriff made return that he had seized certain intoxicating liquors which were concealed therein, and had the liquors in his possession, and was holding the same subject to the order of the court, and the return also stated that he had arrested Fred Picard, Sr.

On September 13, 1937, the county attorney of said county filed a second complaint against said Fred Picard, Sr., charging among other things that he was maintaining a common nuisance in having in his place of business alcoholic liquor for the purpose of sale, and on September 14 the sheriff made return, showing that he had arrested the said Fred Picard, Sr.

On October 26, 1937, the county attorney filed a motion that the complaint against Fred Picard, Sr., charging the offense of maintaining a common nuisance under the liquor laws of the state of Nebraska, be dismissed without prejudice, with the reservation that this motion shall in no wise affect the complaint theretofore filed against Fred Picard, Sr., for the search warrant, and that all proceedings thereunder should remain intact and unaffected by the motion to dismiss the complaint charging the offense of maintaining a common nuisance. It is further set out that the reason for the motion of dismissal is that a temporary injunction has now been obtained (on October 7, 1937), restraining, enjoining, and abating said nuisance, and that said action is pending in the district court for Fillmore county, Nebraska, and that it was not for the best interests of justice or public welfare that the said Fred Picard, Sr., be tried for maintaining a public nuisance prior to the determination of the injunction suit now pending in the district court against him. Thereupon, Howard W. Hamilton, county judge, dismissed the complaint charging the offense of maintaining a common nuisance, and it was further ordered

that such dismissal should in no manner affect the complaint for search warrant, or any of the proceedings had under said search warrant, but that all such proceedings should remain intact, unaffected, and unprejudiced by said order. Upon the hearing, an injunction was granted in the district court, and Fred Picard, Sr., appealed said injunction action to this court, and after argument this court on June 8, 1938, made that injunction permanent (no opinion) in case No. 30372, *State v. Picard.*

A portion of said permanent injunction reads as follows: "The court further finds that the defendant should be perpetually enjoined from refilling prescriptions of any type whatsoever calling for alcoholic liquor, whisky, or any type of intoxicants. That the defendant should be perpetually enjoined from selling, giving away, or otherwise disposing of alcoholic liquor or other intoxicants by any shift or device whatsoever."

It will thus be seen that, some three days after the criminal action for maintaining a nuisance had been dismissed in the county court, and while the injunction case was pending in the district court, this replevin action was brought in the case at bar.

Sections 53-379 and 53-380, Comp. St. Supp. 1935, provide that, upon the issuance of such search warrant, the officer shall seize, remove therefrom, and confiscate all alcoholic liquors stored, kept, and sold, and the containers thereof, and shall make an accurate list and inventory of the articles, and "hold such property until *all prosecution* arising out of said search and seizure shall have ended and determined."

It is the contention of the plaintiff herein that, when the complaint for maintaining a nuisance was dismissed, such dismissal carried with it the dismissal of the search warrant complaint, and that all of the criminal proceedings were then terminated against said Fred Picard, Sr., and that the injunction case which was then pending was not a criminal prosecution, but only a civil action, and that said Fred Picard, Sr., was entitled to the return of all his

liquors; that as a druggist he had a right to have all of said liquors, for he made use of liquor in filling prescriptions, and that the injunction proceedings could not in any way dispose of the intoxicating liquor held upon search warrant; that Fred Picard, Sr., had an absolute property right to all of said liquor, and could not be deprived thereof, and that this replevin action was brought because said Fred Picard, Sr., had a property right therein which could only be reached by the replevin proceedings, in which he should have prevailed, for, there being no prosecution pending against him, the sheriff should have surrendered the liquors to him upon demand.

We are cited to the case of *Malli v. Willett*, 57 Ia. 705, 11 N. W. 661, in which the consideration for a contract for a life lease of real estate to Christina Malli was to settle a threatened prosecution for adultery. It is said by the court that a contract made in consideration of forbearance to prosecute would be void, yet it would not reverse a cause without clearer evidence that it was the criminal charge which was compromised than had been given, for the brother could have been prosecuted criminally for the offense, or a civil action for damages might have been brought, and the court says: "In common parlance the word prosecution is frequently applied to civil actions for torts."

In *Eastman Marble Co. v. Vermont Marble Co.*, 236 Mass. 138, 128 N. E. 177, in a contract between owners of marble quarries recitals as to controversies and prosecutions were held not void on its face as undertaking to strangle threatened criminal prosecutions, for the word "prosecution" is frequently used respecting civil litigation.

But, on the other hand, may not an injunction suit be, in effect, a criminal prosecution?

"In cases of public nuisances, properly so called, an indictment lies to abate them, and to punish the offenders. But an information also lies in equity to redress the grievance by way of injunction." Story, Equity (3d ed.) sec. 923.

This court, in the case of *State v. Ak-Sar-Ben Exposi-*

*tion Co.*, 121 Neb. 248, 236 N. W. 736, said: "A wrong arising out of repeated violations of a penal statute and harmfully affecting the rights and interests of people generally throughout the state, when committed by a corporation engaged in the public service, is a public wrong which may be enjoined by the supreme court in an original suit in equity wherein the state is plaintiff."

For a full discussion of this question, see 10 Neb. Law Bulletin, 190, in which many citations may be found.

The jurisdiction and powers of courts of equity come directly from the Constitution, and consequently are not limited by subsequent legislation. *Matteson v. Creighton University*, 105 Neb. 219, 179 N. W. 1009.

To conclude our discussion, section 53-380, Comp. St. Supp. 1935, provides that the officer who seizes alcoholic liquor under a search warrant shall "hold such property until all prosecution arising out of said search and seizure shall have ended and determined."

In whatever light we view this injunction proceeding, whether it is a civil action or a criminal procedure, it is in any event clearly a "prosecution," based upon the alcoholic liquor seized, and, therefore, when this injunction proceeding was begun, the sheriff under the law was required to retain possession and custody of such liquors, and an action in replevin to take said property from the sheriff will not lie. For which reasons, the judgment of the district court is hereby

AFFIRMED.