JOHNSON FRUIT COMPANY, A CORPORATION, PLAINTIFF, V. ROSCOE STORY, AS COUNTY ASSESSOR OF ADAMS COUNTY, NEBRASKA, ET AL., DEFENDANTS.

106 N. W. 2d 182

Filed November 30, 1960. No. 34835.

*Stiner & Boslaugh,* for plaintiff.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* for defendants.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an original action for a declaratory judgment brought by the plaintiff Johnson Fruit Company praying for an injunction against the defendants the county assessor and county treasurer of Adams County, Nebraska, and the state Tax Commissioner of Nebraska. The defendants filed a general demurrer to the petition. The issue is, therefore, whether or not the petition states a cause of action entitling the plaintiff to the relief sought.

The petition alleges that the plaintiff is a corporation with its principal place of business in Hastings, Adams County, Nebraska. On January 1, 1960, the plaintiff was the owner of intangible personal property, Classes A and B, having the fair market value of $327,371. Plaintiff, without having applied for or obtained an order extending the time for filing its personal property tax return, filed with the county assessor of Adams County a personal property tax return and two supplemental personal property tax returns on March 7, March 11, and March 30, 1960, thereby disclosing and reporting all the intangible personal property owned by it on January 1, 1960, and the fair market value thereof.

The petition also alleges that the defendants or any of them did not on or prior to March 30, 1960, examine or check any personal property tax returns for the purpose of determining whether or not the plaintiff had failed to return its property for taxation for the year 1960, or investigate, examine, or inspect any property of the plaintiff for that purpose, or examine the plaintiff, its officers or agents, as to its property, or make

any finding that any personal property of the plaintiff was not returned for taxation for the year 1960. In other words, the petition alleges that the plaintiff voluntarily returned all of its intangible personal property for taxation, although beyond the time fixed by the statute for so doing.

The petition further alleges that the defendants, unless enjoined, will find that plaintiff failed to return its intangible personal property for the year 1960 and will compute the penalty for such claimed failure and omission pursuant to section 77-413, R. R. S. 1943, as amended by L. B. 51, 1959, now section 77-413, R. S. Supp., 1959. The plaintiff contends that the foregoing section has no application to a situation where a full and complete return of intangible personal property has been made, although filed beyond the time fixed by law for so doing. The defendants contend that the penalties provided in section 77-413, R. S. Supp., 1959, apply to a filing of a return of intangible personal property for tax purposes beyond the time fixed by statute for so doing, even though the late filing constitutes the only failure of compliance on the part of the plaintiff.

The pertinent part of section 77-413, R. S. Supp., 1959, provides: "If the county assessor from examining and checking the returns of the personal property, the investigation, examination and inspection of property of the taxpayer and from the examination of the taxpayer under oath as to his books, records and papers shall find that any personal property, either tangible or intangible, was not returned for taxation for the year 1959 or for any taxing period thereafter, he shall compute the tax for the year or years during which the payment of taxes on personal property was avoided, and the interest and penalties, in the manner following: (1) Any intangible property omitted and not returned commencing with the year 1959, or omitted or not returned for any year thereafter, shall be placed upon the tax rolls and taxed at the same rate as would have been

imposed had it been properly returned for taxation, and to such tax shall be added a penalty computed by multiplying the actual value of such omitted or not returned property by the total rate for tangible property as fixed at the time of the last preceding levy for the taxing districts in which such property should have been returned; * * *."

The foregoing section is clearly a penalty statute which must be strictly construed. Its import may not be extended by construction. Such a statute may not be applied to situations or parties not fairly or clearly within its provisions. In construing such a statute nothing will be recognized, presumed, or inferred that is not expressed, unless necessarily or unmistakably implied in order to give the statute full operation. State ex rel. Weasmer v. Manpower of Omaha, Inc., 161 Neb. 387, 73 N. W. 2d 692; Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446; Macomber v. State, 137 Neb. 882, 291 N. W. 674; 50 Am. Jur., Statutes, § 388, p. 404.

Applying the foregoing rule of construction to section 77-413, R. S. Supp., 1959, it is plain that the penalties contained in that section apply to situations where the county assessor, from examining and checking the returns of personal property, or from investigation, examination, and inspection of the personal property of the taxpayer, or from the examination of the taxpayer under oath as to his books, records, and papers finds that personal property was not returned for taxation. In other words, in the language of plaintiff's counsel contained in its brief, such section of the statute applies where personal property was "smoked out" for taxation purposes by the efforts of the taxing authorities. We concur with this view. It has no relation by its terms to voluntary returns of personal property which were filed beyond the time fixed by the statute for so doing.

By the demurrer the defendants admit that all of plaintiff's property was returned for taxing purposes

for the year 1960. No property was omitted or not returned for the year 1960, and consequently no basis existed for the assessment of a penalty under section 77-413, R. S. Supp., 1959. The factual situation set out in plaintiff's petition does not bring it within the scope of the 1959 act and it is not therefore subject to the penalties provided by that statute.

The defendants assert that section 77-413, R. S. Supp., 1959, in effect repeals section 77-1235, R. S. Supp., 1959, and if this be so, the construction we have given to section 77-413, R. S. Supp., 1959, would create a void in that no penalty for filing a personal property tax return after the time fixed by statute for so doing would exist. It is not disputed that the 1959 amendment as contained in section 77-413, R. S. Supp., 1959, was passed by the Legislature subsequent to the 1959 amendment to section 77-1235, R. R. S. 1943, now found in section 77-1235, R. S. Supp., 1959. We do not deem it necessary to determine if the amendment to section 77-413, R. R. S. 1943, as contained in section 77-413, R. S. Supp., 1959, was void for failure to comply with the Nebraska Constitution for reasons hereafter stated. We shall consider the present case on the theory that the 1959 amendment to section 77-413, R. R. S. 1943, was valid insofar as the Constitution is concerned.

Section 77-1235, R. S. Supp., 1959, provides: "In every case where any person shall fail, neglect or refuse to make out and deliver to the county assessor, or any of his assistants, the statement of all personal property which he is to list required under section 77-1229, or as required by any other law, the county assessor shall proceed to assess the number and description of the several enumerated articles of property and shall add to the value thereof fifty per cent." It cannot be logically questioned that the penalty provided by that section of the statute applies to situations involving late filings of personal property returns for taxing purposes as well as in cases where no return was made or

where property was omitted from a return made. The use of the words "where any person shall fail, neglect or refuse" to make and deliver to the county assessor the statement of all personal property subject to taxation plainly sustains such conclusion. In section 77-413, R. S. Supp., 1959, the Legislature did not use the word "neglect" and limited the application of the amendment to property not returned or omitted from the return made, and the increased penalties were clearly limited to such situations.

Where two statutes dealing with the same subject matter are amended at the same session of the Legislature, and are in conflict, the last of the two acts enacted supersedes the former. State v. Omaha Elevator Co., 75 Neb. 637, 106 N. W. 979; Chilen v. Commercial Casualty Ins. Co., 135 Neb. 619, 283 N. W. 366. It is clear therefore that, assuming the constitutional validity of both statutes, the later amendment in point of time was intended only as a partial repeal of the former. In other words, section 77-413, R. S. Supp., 1959, purports to increase the penalty for failing to return or omitting from a return personal property subject to taxation. It was clearly the intention of the Legislature to increase the penalty for such failures and not to amend section 77-1235, R. S. Supp., 1959, as it applied to returns of personal property belatedly made and delivered to the taxing authorities. The amendments so construed are harmonious and give effect to each. State v. Omaha Elevator Co., *supra.* The contention advanced by the defendants that the amendment contained in section 77-413, R. S. Supp., 1959, enacted later in point of time than the amendment contained in section 77-1235, R. S. Supp., 1959, was intended as a complete repeal of section 77-1235, R. S. Supp., 1959, is not well taken. In any event, since a penalty statute is to be strictly construed, the courts will not interpolate words omitted by the Legislature or extend the language used by implication under such circumstances

as we have here. The court must assume that the Legislature intended to do what it did in dropping the word "neglect" and its connotations from section 77-413, R. S. Supp., 1959. If the Legislature had intended section 77-413, R. S. Supp., 1959, to apply to personal property returns filed after the time fixed by statute, it would have been a simple matter to have said so in appropriate language. Cogent reasons exist why the increased penalties should apply to property omitted or not returned, and not apply to returns of personal property filed out of time. We must assume that the Legislature was cognizant of such reasons and intended to exclude from the increased penalties the taxpayers who voluntarily made their personal property returns to the assessor beyond the time fixed by statute. We are of the opinion that if we were to adopt the interpretation advanced by the defendants, the court would be increasing the scope of section 77-413, R. S. Supp., 1959, and thereby subject a class of taxpayers to the increased penalties provided in the act who were not intended by the Legislature to be included within its scope.

A taxpayer who is not within the scope of a statute providing penalties for failure to make a return of personal property subject to taxation, or for omitting taxable property from his return, may not properly question the constitutionality of the act.

Plaintiff is entitled to a judgment declaring, under the facts contained in the petition, that section 77-413, R. S. Supp., 1959, is not applicable to the plaintiff and, if the taxing authorities seek to apply the penalties contained in such statute under the pleaded facts, an injunction affords a proper remedy. The demurrer of the defendants is overruled and defendants given 20 days to answer.

DEMURRER OVERRULED.